**HAGGARD et al. v. McFARLAND et al.**
(two cases).

Nos. 13971, 13972.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 20, 1939.

Rehearing Denied Nov. 24, 1939.

314

Samuels, Foster, Brown & McGee, of Fort Worth, and Harris & Martin, of Wichita Falls, for appellants.

E. C. De Montel and Arch Dawson, both of Wichita Falls, for appellees.

BROWN, Justice.

It having been agreed to by all interested parties that the facts adduced in the trial of one case should be considered as a part of the other cause, we have consolidated the two causes here.

The first suit is in trespass to try title and to recover damages, brought against the former guardian, the surety on his guardianship bond, the grantee to whom he made a sale of certain lands owned by his wards, and the vendees of such grantee. The former wards, who have attained their several majorities, brought the suit. The second suit is a certiorari proceeding by the same plaintiffs against the same parties, the purpose of which is to declare null and void all orders of the county court affecting the sale of the said wards' properties, by the said guardian, because, as alleged, there was a failure to comply with section 4 of Article 4201, Revised Civil Statutes, and Article 4216 of said Statutes, Vernon's Ann.Civ.St. arts. 4201, subd. 4, and 4216.

No effort was made to show that the properties did not bring an adequate price at the sale, and none to show that the wards did not receive full value of and for the purchase price.

In short, the contention by the wards, in the trial court, is that there being no strict compliance with the provisions of Articles 4201 and 4216, Revised Civil Statutes, Vernon's Ann.Civ.St. Arts. 4201, 4216, the orders of the county court authorizing the sales and confirming the sales of the wards' lands are absolutely void, and that no title passed by reason of such orders and the guardian's deed executed by virtue thereof.

The two statutes on which the wards rely are as follows:

"Art. 4201. * * * Order of sale

"An order for the sale of real estate shall state:

"1. The property to be sold, giving such description of it as will identify it.

"2. Whether it is to be sold at public auction or at private sale, and if at public auction, the time and place of such sale.

"3. The necessity and purpose of such sale.

"4. That no sale made by the guardian pursuant thereto shall be confirmed, nor shall the title of the ward to such real estate pass to the purchaser, unless and until it shall first be found and determined by the Court, by an order duly made and entered to that effect, that the guardian's general bond is in an amount equal to double the value of the personal property then on hand, including the amount for which said real estate may be sold, plus such additional sum as may, in the opinion of the Court, be necessary to protect the estate of the ward, and that the sureties on such bond are solvent, provided, however, that where the sale of such real estate is made to the owner or holder of a secured claim against the estate and the same is of the real estate securing such claim and is in full payment, liquidation, and satisfaction thereof, only the amount of cash, if any, actually received by such guardian in excess of the amount necessary to pay, liquidate and satisfy such claim in full, shall be considered, together with the other property of the estate, in passing upon the sufficiency of the bond as hereinabove required.

"5. It shall require the sale to be made and the report thereof to be returned to the Court in accordance with the law."

"Art. 4216. Action of the court * * *

"At any time after the expiration of five days after the filing of a report of sale,

the Court shall inquire into the manner in which such sale was made, and hear evidence in support of or against such report, and if satisfied that such sale was fairly made and in conformity with law and that the guardian has on file a good and sufficient general bond in an amount equal to double the value of the personal property on hand, including the amount for which said real estate is being sold, plus such additional sum as may, in the opinion of the Court, be necessary to protect the estate of the ward; and if and when the guardian's general bond has been examined by the Court and found to be in the amount above required with good and sufficient sureties thereon, as evidenced by an order duly made and entered by the Court to that effect, the Court shall cause to be entered a decree confirming such sale, and order the report of sale to be recorded by the Clerk, and the proper conveyance of the property sold to be made by the guardian to the purchaser, upon compliance by such purchaser with the terms of sale. The provisions of this Article shall be mandatory, and unless the Court shall first determine that the guardian's bond is adequate and solvent as above set forth, as evidenced by an order made and entered by the Court to that effect, any sale of real estate hereafter made under the provisions of this Title shall be void."

It being contended that the provisions of section 4 of Art. 4201 and of Art. 4216 were not complied with, the defendants below answered that there was a substantial compliance with the provisions of the two said statutes, and the trial in the certiorari proceedings being de novo in the District Court, they prayed that the orders of the County Court complained about be amended to correctly state the facts and proceedings before the County Court; that is to say, that correct orders be made by the District Court and same certified to the County Court for observance. This was done by the District Court.

The order of the County Court authorizing the first sale is as follows:

"On this 22 day of October, A. D. 1935, came on regularly to be heard in the guardianship of William Howard Haggard, John Chilson Haggard and Nancy Catherine Haggard, minors, the application of C. M. McFarland, Guardian of the estates of said minors, for the sale of real estate belonging to the estate of said minors; and it appearing to the court that due notice of said application has been given, as required by law, and that the same has been filed herein for at least five days; and it further appearing to the court, that the income of the estate of said minors, and the personal property thereof, and the proceeds of previous sales, are insufficient for the education and maintenance of said wards and pay the debts against the estate of said minors, it is the opinion of the court that the sale of a part of the real estate of the estate of said wards is advisable and necessary and that said application should be granted, and that it is more advantageous to said estate to sell the following land mentioned in said application, to-wit:

"All of Blks Six (6), Seven (7) and Eight (8), League Four (4), Denton County School Lands; the North fifteen (15) acres of the West one-half (W.½) of Block Nine (9), League 4, Denton County School Land; the North 59 acres of the West eighty acres and the East Eighty (80) acres of Block Five (5), League Four (4), Denton County School Land, all of said land being located in Wichita County, Texas; subject to mineral deed recorded in Vol. 308, page 568, Deed Records of Wichita County, Texas.

"And it further appearing to the court that said land should be sold for cash at private sale, and that it is necessary that said land should be sold for the support and maintenance of said minors and to pay debts now long past due and owing by said estate.

"It is therefore ordered, adjudged and decreed by the court that the said C. M. McFarland, Guardian, as aforesaid, sell the above tract of land at private sale for cash, and that he execute and file herein a good and sufficient bond subject to the approval of this court, in an amount equal to twice the amount for which such land is sold, and that he make due report of said sale at the present term of this court in accordance with law.

"(Signed) H. W. Fillmore, County Judge, Wichita County, Texas."

The order confirming this sale is as follows:

"On this the 19 day of November, A.D. 1935, came on to be heard in the Guardianship of William Howard Haggard, John Chilson Haggard, and Nancy Catherine Haggard, minors, the report of C. M. Mc-Farland, guardian of the estate of said

minors, of the sale of the tract of land hereinafter described, made in obedience to the order of this court, made and entered on the 22" day of October, A.D. 1935, and it appearing to the court, that said report of sale has been filed and docketed in the manner and for the time required by law, and it further appearing upon examination and the evidence herein, that the said sale was fairly made and in conformity with the law, and that said guardian, C. M. McFarland, has filed a bond herein, as required by law, which has been duly approved by the court, and that said land brought a fair price; and it further appearing that Ben F. Jones became the purchaser of said land, at private sale for the sum of Six Thousand Two Hundred Eighty ($6,280.00) Dollars, payable in cash; that said sale ought to be confirmed and that said land is described as follows:

"The North fifty-nine acres of the west eighty acres, and the east eighty acres of Block Five, League Four, Denton County School land; all of Blocks Nos. six, seven and eight, League Four, Denton County School land; and the North fifteen acres of the West eighty acres of Block nine, League Four, Denton County School land, all of said land being located in Wichita County, Texas, subject to the mineral deed recorded in Vol. 308, page 568, Deed Records of Wichita County, Texas.

"It is therefore ordered, adjudged and decreed by the court that said sale be and the same is in all respects approved and confirmed; and that the said report of said sale be recorded by the Clerk.

"It is further ordered that the said Guardian, C. M. McFarland, make a proper conveyance of said land to the said Ben F. Jones upon his compliance with the terms of said sale.

"(Signed) H. W. Fillmore, County Judge of Wichita County, Texas."

The bond required is as follows:

"Whereas, on the 22" day of October, A.D. 1935, by an order of the county court in the above styled and numbered cause, C. M. McFarland, guardian of the estate of William Howard Haggard, John Chilson Haggard, and Nancy Catherine Haggard, minors, was authorized and ordered to sell the following described real estate, belonging to the estate of said minors, to-wit:

"The North fifty nine acres of the West eighty acres, and the East Eighty acres of Block Five, League Four, Denton County School land; all of blocks Nos. six, seven and eight, League Four, Denton County School land; and the North fifteen acres of the West eighty acres of Block Nine, League Four, Denton County School land. All of said land being located in Wichita County, Texas, and containing six hundred thirty four (634) acres, more or less, subject to mineral deed recorded in Vol. 308, page 568, Deed Records of Wichita County, Texas.

"After filing herein a good and sufficient bond, subject to the approval of the court, in an amount equal to twice the amount for which such real estate is sold.

"And whereas, on the 12 day of November, A.D. 1935, C. M. McFarland, guardian of the estate of said minors, filed and reported under oath that he had sold said land to Ben F. Jones, for the sum of Six thousand two hundred eighty ($6,280.00) Dollars which has been approved by the court.

"Therefore, Know all Men by these Presents: That we, C. M. McFarland, as principal and the other signers hereto as sureties, are held and firmly bound unto H. W. Fillmore, Judge of the County Court of Wichita County, Texas, and his successors in office, in the sum of Twelve Thousand Seven Hundred ($12,700.00) dollars, conditioned that the above bounden C. M. McFarland, who has been appointed by the County Court of Wichita County, Texas, guardian of the estate of William Howard Haggard, John Chilson Haggard and Nancy Catherine Haggard, minors, will faithfully discharge the duties of guardian of the estate of said minors, according to law.

"Witness our signatures, on this, the 12" day of November, A.D. 1935.

"(Signed) C. M. McFarland, Principal. National Surety Corporation, Surety, by Geo. N. Dwyer."

The order of sale of second tract is as follows:

"On this 19th day of December, A.D. 1936, came on regularly to be heard in the guardianship of John Chilson Haggard and Nancy Catherine Haggard, minors, the application of C. M. McFarland, guardian of the estates of the said minors, for the sale of real estate belonging to the estate of said minors; and it appearing to the court that due notice of application has been given as required by law and that the same has been filed herein for at least 5

days; and it further appearing to the court that said wards own only an undivided two-ninths (2/9) interest in said property described in said application and that it is the opinion of the court that the sale of said real estate is to the best interests of the estate of the said wards, and that said application should be granted.

"It is therefore ordered, adjudged and decreed by the court that guardian sell said two-ninths (2/9) interests in and to the east one-half of Block 9, League 4, Denton County School Land located in Wichita County, Texas, for the sum of ten dollars ($10.00) per acre. That same be sold at private sale for cash, and that said guardian execute and file herein a good and sufficient bond subject to the approval of the court, in an amount equal to twice the amount for which the interests of said wards in said land' is sold, and that he make due return of said sale at the present term of this court in accordance with law.

"(Signed) H. W. Fillmore, County Judge of Wichita County."

The bond required is as follows:

"Whereas, on the 19th day of December, A. D. 1936, by an order of the County Court in the above styled and numbered cause C. M. McFarland, guardian of the estate of John Chilson Haggard and Nancy Catherine Haggard, minors, was authorized and ordered to sell the following described real estate, belonging to the estate of said minors, to-wit:

"An undivided 2/9 interest in and to the East one-half (E.½) of Block No. 9, League No. 4, Denton County School Land, located in Wichita County, Texas. after first having filed herein a good and sufficient bond subject to the approval of the court in an amount equal to twice the amount for which such real estate was sold.

"And whereas, on the 22nd day of December, A. D. 1936, C. M. McFarland, guardian of the estate of said minors, filed and reported under oath that he had sold said land to J. J. Perkins and L. H. Cullum for the sum of One Hundred and Seventy-seven and 77/100 ($177.77) Dollars, which sale has been authorized and approved by the court.

"Now therefore, know all men by these presents: that we, C. M. McFarland, as principal, and the other signers hereto as sureties are held and firmly bound unto H. W. Fillmore, Judge of the County Court, of Wichita County, Texas, and his successors in office in the sum of Four Hundred ($400.00) Dollars, conditioned that the above bounden C. M. McFarland, who has been appointed by the county court of Wichita County, Texas, guardian of the estate of John Chilson Haggard and Nancy Catherine Haggard, minors, will faithfully discharge the duties of guardian of the estate of said minors, according to law.

"Witness his hand this 3" day of January, A. D. 1937.

"(Signed) C. M. McFarland, Principal. National Surety Corporation, by Geo. N. Dwyer, attorney in fact."

The order confirming the sale is as follows:

"On this 4th day of January, A. D. 1937, came on to be heard in the guardianship of John Chilson Haggard and Nancy Catherine Haggard, minors, the report of C. M. McFarland, guardian of the estate of said minors, of the sale of the tract of land hereinafter described made in obedience to the order of this court made and entered on the 19th day of December, A. D. 1936, and it appearing to the court that said report of sale has been filed and docketed in the manner and for the time required by law, and it further appearing on examination and evidence heard herein that the said sale was fairly made and in conformity with the law, and that said guardian, C. M. McFarland, has filed a bond herein as required by law and approved by the court, and that said land brought a fair price; and it further appearing that J. J. Perkins and L. H. Cullum became the purchasers of said land at private sale for the sum of One hundred and seventy-seven and 77/100 ($177.77) Dollars, payable in cash. And that said sale ought to be confirmed and that said land is described as follows, to-wit:

"An undivided 2/9 interest in and to the East one-half (E.½) of Block No. 9, League No. 4, Denton County School Land, located in Wichita County, Texas.

"It is therefore ordered, adjudged and decreed by the court that such sale be and the same is hereby in all respects approved and confirmed; and that the said report of said sale be recorded by the clerk, and that the said guardian, C. M. McFarland, make a proper conveyance of said land to the J. J. Perkins and,L. H. Cullum upon their compliance with the terms of said sale.

"(Signed) H. W. Fillmore, County Judge of Wichita County, Texas."

The District Court, before whom the case was tried without a jury, rendered judgment for the defendants (appellees here) in both cases, and the former wards, plaintiffs below, have appealed.

We have said that it is not contended that the lands were sold for an inadequate price, nor that the minors have not received the full benefit of the purchase price, and it is not contended that there is any fraud, accident or mutual mistake that enters into the transactions between the guardian and said wards, and yet we find that the guardian made a final report on the estate of William Howard Haggard, who became of age before September 24th, 1936, and the county court on October 20th, 1936, entered an order approving the final report of the guardian as to the estate of William Howard Haggard and discharged the guardian and the surety on his official bond.

Before such order was made, Wm. Howard Haggard, on October 15th, 1936, executed the following instrument:

"Now comes Wm. Howard Haggard, and would respectfully show to the court, that he is one of the minors in the above styled and numbered cause, and has heretofore attained the age of twenty-one years and here, now, and hereby waives the issuance of citation, notice, service and return thereof as to the filing of the final report and application for discharge of C. M. McFarland, guardian of his estate. And would further show to the court that he is familiar with the contents of said final report and finds that said guardianship of his estate has been handled fairly, efficiently and for the best interests of said estate and of this ward and that he is satisfied in all respects with the handling thereof of the said guardian and that it is perfectly satisfactory with him that said final report be approved and ordered filed by the court, and the said C. M. McFarland discharged as to the Guardianship of him, the said Wm. Howard Haggard.

"Witness my hand this the 15th day of October, A. D. 1936.

"(Signed) William Howard Haggard.

"Subscribed and sworn to before me, a notary public in and for said county and state, on this the 15th day of October, A. D. 1936.

"(Signed) Wayne Sommerville, Notary Public in and for Wichita County, Texas."

On or about July 17th, 1937, the guardian made his final report as to the estates of the other two minors, to-wit, John Chilson Haggard and Nancy Catherine Haggard, both of whom were then of legal age, and on September 27th, 1937, the county court entered an order approving such final account and discharging the guardian and the surety on his bond.

Prior to the making of such order, the said wards executed, on September 20th, 1937, the following instrument:

"Now comes John Chilson Haggard and Nancy Catherine Haggard, each of whom have reached their majority, and waive the issuance of citation on the final account of C. M. McFarland, guardian, filed herein; and each of them enters his appearance for this term of court for all purposes.

"And we, John Chilson Haggard and Nancy Catherine Haggard, do hereby certify that we have received from C. M. McFarland, the guardian of our estates, all of the property, both real and personal, remaining in his hands as guardian and in consideration for the receipt of same, we hereby fully release and discharge the said C. M. McFarland, guardian, and his bondsmen, National Surety Corporation, from all liability thereunder.

"Witness our hands this, the 20th day of September, A. D. 1937.

"(Signed) John Chilson Haggard. Nancy Catherine Haggard.

"The State of Texas. County of Wichita. Before me, the undersigned authority, on this day personally appeared John Chilson Haggard and Nancy Catherine Haggard, known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office, this the 20th day of September, A. D. 1937.

"(Signed) Harvey Harris, Notary Public, Wichita County, Texas."

These acknowledgments of satisfaction with the acts of the guardian in the handling of the estates and the receipt of all properties belonging to the wards, and executed for the express purpose of releasing the guardian from all liability, and authorizing the county court to discharge the guardian and his sureties on the guardian's bond, preclude the wards from attacking any act of the guardian in the absence of fraud, accident or mutual mistake, unless the acts and orders are void.

Art. 932, R.C.S. provides that "any person interested in the estate of a * * * ward may have the proceedings of the county court therein *revised* and *corrected* at any time within two years after *such proceedings were had,* and not afterward. * * * infants * * * shall have two years after the removal of their * * * disabilities within which to apply for such *revision and correction."* (Italics ours).

Art. 4329, R.C.S., which refers to the above quoted statute, provides: "Any person interested may also have any decision, order or judgment of the county court or county judge revised and corrected by writ of certiorari from the district court under the same rules and regulations as are provided in estates of decedents." (Referring to Art. 932 R.C.S.).

The last quoted statute follows Art. 4318, R.C.S., which provides for an appeal from such decision, order or judgment, and Art. 4328, R.C.S., which provides for a bill of review of such decision, order or judgment.

The certiorari proceedings were instituted by the three wards April 26th, 1938.

No testimony fell from the lips of any one of the wards. We do not know when they attained their respective majorities, and we must consider the certiorari proceedings as having been timely filed.

If the plain wording of the statute referred to, R.C.S. Art. 4329, means what it says, the certiorari proceedings are for the purpose of revision and correction.

■ We take it that an absolutely void decision, order or judgment cannot be revised and corrected, and we do not find where it is proper to attack an absolutely void decision, order or judgment by certiorari proceedings.

We believe such decision, order or judgment should be directly attacked, and that a collateral attack would be in order.

If the decisions, orders or judgments, here attacked, are not absolutely void, it is evident that these wards have no standing before the courts in that they have, since their respective majorities, ratified all acts of the guardian and released him and his bondsmen from liability for such acts, and these wards do not attempt to show fraud, accident or mutual mistake which induced them to acknowledge the righteousness of the acts of their guardian, the receipt of all properties owned by them from their guardian, and to release

the guardian from his responsibility to them.

The trial court did not find these decisions, orders and judgments void, and we believe his judgment is sound.

These wards have lost nothing by and through the proceedings they attack.

■ A necessity for the sales was shown. There was no personal property (including money) on hand, and there was a large debt against the property, as well as accrued taxes, and no money with which to pay same and to support and educate the wards.

We believe the record discloses such a substantial compliance with the statutes, R.C.S. arts. 4201 and 4216, Vernon's Ann. Civ.St. arts. 4201, 4216, that the decisions. orders and judgments attacked are in substantial compliance with these statutes and that they are not void.

■ We further believe that when these wards invoked the right of revision and correction through certiorari proceedings, the defendants were well within their rights, when by cross action they sought to have the decisions, orders and judgments corrected to show the true facts of the situation.

The trial court did this and we believe his judgment sound.

■ An examination of the provisions of section 4, Art. 4201 and Art. 4216 discloses that there are no express words authorizing the county court to require, by a new bond, a bond in such sum as is provided for in the event of a sale of a ward's property, if the original guardian's bond were not executed for a sum in the amount so required. But this must of necessity be read into the statute; otherwise there could never be a sale of any part of a ward's estate, however necessary such sale might be, where the original guardian's bond was not executed in such a sum as is required before a sale could be had, as was the case here.

The Legislature could have had no such intent, and the emergency clauses of the two bills so disclose. They are identical: "The fact that guardians are now authorized to sell real property of their wards under special sales bonds, and that sureties on such bonds are not liable for guardians' defalcations connected with their general duties, * * * and the further fact that under the present laws the sureties

on guardians' general bonds are not liable for proceeds received from sales of real estate, create an emergency and an imperative public necessity," etc. Chapters 79 and 84, General Laws, Regular Session of 44th Texas Legislature, 1935.

We take it that the Legislature intended to require each guardian to make a general bond in the sum required by the amended statute before a sale of the ward's property could be made.

■ An examination of the wording of the two bonds required of and executed by the guardian discloses that they are in the words required for general bonds by guardians. They are general bonds. The mere fact that the forepart of each bond contains recitations showing the reasons for, the execution of the bonds does not weaken the bonds, but, in our opinion, strengthens them.

The fact that there are two bonds instead of one, in our opinion, does not materially affect the rights of the parties interested, and does not make of them "special sales bonds".

It is quite evident to us that there was an effort to comply with the provisions of the two statutes, relied upon by appellees, and the matters complained of will not be by us held to be void.

■ We do not believe that in a case, such as we have here, where no injury is shown to have been suffered by the wards, and where a bona fide effort has been made to comply with the said statutes, the mere failure of the county court to comply with the provisions of section 4, Art. 4201, R.C.S., Vernon's Ann.Civ.St. art. 4201, subd. 4, to-wit: "It shall first be found and determined by the Court, by an order duly made and entered to that effect, that the guardian's general bond is in an amount equal to double the value of the personal property then on hand, including the amount for which said real estate may be sold, plus such additional sum as may, in the opinion of the Court, be necessary to protect the estate of the ward, and that the sureties on such bond are solvent", by actually "entering" such an order in the records of the guardianship proceedings, same should be held to be absolutely void, and all such proceedings, had and done in good faith by the court and the guardian, be held to be mere nullities, and the guardian's deed executed by virtue thereof null and void.

The two amended statutes on which appellants rely, Arts. 4201 and 4216, have not been construed by any court since they were spread upon the statute books of the State of Texas, and we do not see fit to cite any case that seems persuasive or analogous.

The above is our construction of these statutes, in this case, and under the facts found here.

Both judgments are affirmed.