# WILLIAM HOWARD HAGGARD ET AL V. C. M. McFARLAND, GUARDIAN ET AL.

No. 7702. Decided November 5, 1941.
(155 S. W., 2d Series, 797.)

*Harris & Martin,* of Wichita Falls, for plaintiffs in error.

Where the undisputed evidence shows that the general bond

filed by the guardian was for $5,000.00 and the judgment based upon a finding by the court that at the time of the respective guardianship sales complained of the guardian had on file in said guardianship a good and sufficient general bond in an amount equal to double the personal property on hand, including the amount for which the real estate was sold, is not supported by the evidence and the judgment of both courts should be reversed and here rendered e_pecially with reference to the first sale which was for $6,280.00. Leslie v. Griffin, 25 S. W. (2d) 820; Hall v. Wilbarger County, 37 S. W. (2d) 1041; Wilkinson v. Owens, 72 S. W. (2d) 330.

*E. C. de Montel* and *Arch Dawson,* of Wichita Falls, for defendants in error.

Under Articles 932 and 939 of the statutes the district court on certiorari had power of revision and correction of the orders of confirmation, and such power when invoked under the terms of such statutes, was not impaired or restrictd by the prior closing of the guardianship by the county court. Hurley v. Hirsch, 66 S. W. (2d) 387; Friend v. Boren, 95 S. W. 711.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a certiorari proceeding instituted in the district court of Wichita County by the plaintiffs in error William Howard Haggard, John Chilson Haggard and Nancy Catherine Haggard (all of whom, until a few years ago, were minors) against C. M. McFarland and all others who are necessary parties but who need not be named in the present opinion. McFarland was the guardian of the estate of said minors. This proceeding is, in legal effect, an appeal from certain orders made by the county court of said county, in the guardianship proceeding. A trial de novo in the district court resulted in a judgment unfavorable to the plaintiffs in error. From said judgment the plaintiffs in error appealed, and the Court of Civil Appeals affirmed the judgment of the trial court. 133 S. W. (2d) 313. The case is now before us on writ of error.

The material facts are undisputed. They are substantially as follows:

On August 12, 1931, C. M. McFarland was duly appointed guardian of the estate of said minors, by the county court of

Wichita County. On August 28, 1931, McFarland duly qualified as guardian by taking the oath and giving the bond prescribed by law. The amount of said bond is $5,000.

On October 22, 1935, upon due application by the guardian, C. M. McFarland, the said county court entered an order directing the guardian to sell, at private sale, for cash, certain lands belonging to said minors. The only portion of said order of sale which, in terms, relate to a bond by the guardian, reads as follows:

"It is therefore ordered, adjudged and decreed by the court that C. M. McFarland, guardian as aforesaid, shall * * * execute and file herein a good and sufficient bond subject to the approval of this court, in an amount equal to twice the amount for which such land is sold."

On November 12, 1935, the guardian filed due report of the sale of said land for the sum of $6,280.00, and, on the same day, filed in the guardianship proceeding a bond which was duly approved by the county judge. Omitting irrelevant details, the said bond reads as follows:

"Whereas, on the 22day of October, A. D. 1935, by an order of the county court in the above styled and numbered cause, C. M. FcFarland, guardian of the estate of William Howard Haggard, John Chilson Haggard, and Nancy Catherine Haggard, minor, was authorized and ordered to sell the following described real estate, belonging to the estate of said minors, towit: (Here the land is specifically described.)

"After filing herein a good and sufficient bond, subject to the approval of the court, in an amount equal to twice the amount for which such real estate is sold.

"And whereas, on the 12 day of November, A. D. 1935, C. M. McFarland, guardian of the estate of said minors, filed and reported under oath that he had sold said land to Ben F. Jones, for the sum of Six thousand two hundred eighty ($6,280.00) Dollars which has been approved by the court.

"Therefore, Know All Men by these Presents: That we, C. M. McFarland, as principal and the other signers hereto as sureties, are held and firmly bound unto H. W. Fillmore, Judge of the County Court of Wichita County, Texas, and his successors in office, in the sum of Twelve Thousand Seven Hundred

($12,700.00) dollars, conditioned that the above bounden C. M. McFarland, who has been appointed by the County Court of Wichita County, Texas, guardian of the estate of William Howard Haggard, John Chilson Haggard and Nancy Catherine Haggard, minors, will faithfully discharge the duties of guardian of the estate of said minors, according to law.

"Witness our signatures, on this, the 12 day of November, A. D. 1935.

"(Signed) C. M. McFarland, Principal, National Surety Corporation, Surety, by Geo. N. Dwyer."

On November 19, 1935, an order confirming the sale of said lands was made by the county court, and entered upon the minutes of said court, in the following words:

"On this the 19 day of November, A. D. 1935, came on to be heard in the Guardianship of William Howard Haggard, John Chilson Haggard, and Nancy Catherine Haggard, minors, the report of C. M. McFarland, guardian of the estate of said minors, of the sale of the tract of land hereinafter described, made in obedience to the order of this court, made and entered on the 22 day of October, A. D. 1935, and it appearing to the court, that said report of sale has been filed and docketed in the manner and for the time required by law, and it further appearing upon examination and the evidence herein, that the said sale was fairly made and in conformity with the law, and that said guardian, C. M. McFarland, has filed a bond herein, as required by law, which has been duly approved by the court, and that said land brought a fair price; and it further appearing that Ben F. Jones became the purchaser of said land, at private sale for the sum of Six Thousand Two Hundred Eighty ($6,280.00) Dollars, payable in cash; that said sale ought to be confirmed and that said land is described as follows (Here the land is specifically described.)

"It is therefore ordered, adjudged and decreed by the court that said sale be and the same is in all respects approved and confirmed; and that the said report of said sale be recorded by the Clerk.

"It is further ordered that the said Guardian, C. M. McFarland, make a proper conveyance of said land to the said Ben F. Jones upon his compliance with the terms of said sale."

The guardian preceeded to execute a deed to the purchaser, and the latter paid the former the cash consideration of $6,280.00.

On December 19, 1936, the said county court entered another order directing the guardian to sell, at private sale, for cash, certain other land belonging to said minors. This order contained nothing relating to a bond by the guardian except a provision worded the same as that contained in the order of October 22, 1935. On December 22, 1936, the guardian duly reported the sale of said land for the sum of $177.77 cash, and on the same date filed a bond in the sum of $400.00. We do not deem it necessary to notice this bond any further.

On January 4, 1937, the county court made an order confirming said sale, and the order was entered on the minutes of said court. In respects presently material, the wording of said order was the same as that of the order confirming the first sale, which was made and entered on November 19, 1935.

The guardian proceeded to execute a deed to the purchaser, who paid the consideration of $177.77 cash for the conveyance. At the time the first sale was confirmed, on November 19, 1925, the bond for $12,700.00 which the guardian filed November 12, 1935, was in an amount equal to double the value of the personal property on hand, including the amount ($6,280.00) for which said land was being sold, plus such additional sum as was necessary to protect the estate of said minors; and the surety on said bond was solvent and was good and sufficient. At the time the order confirming the second sale was made on January 4, 1937, and in relation to that sale, all the things just stated in respect to the said bond for $12,700 still held true.

Prior to the institution of this certiorari proceeding, the guardian duly presented his final account which was found correct. Full settlement of the amounts due the plaintiffs in error was made, the guardian was duly discharged and the guardianship was closed.

The chief grounds of error specified in the application for the writ of certiorari by which this proceeding was instituted relate to the order of the county court, of date November 19, 1935, confirming the first sale made by the guardian. For this reason we have hereinbefore set out, in full, the said order as it was entered on the minutes of the county court. A determi-

nation of the questions raised in respect to said order of confirmation, involves the consideration of Article 4216 of the Revised Statutes as amended by an act of the 44th Legislature which became effective April 13, 1935. Said Article, as amended, reads as follows:

"At any time after the expiration of five days after the filing of a report of sale, the Court shall inquire into the manner in which such sale was made, and hear evidence in support of or against such report, and if satisfied that such sale was fairly made and in conformity with the law and *that the guardian has on file a good and sufficient general bond in an amount equal to double the value of the personal property on hand, including the amount for which said real estate is being sold, plus such additional sum as may, in the opinion of the Court, be necessary to protect the estate of the ward; and if and when the guardian's general bond has been examined by the Court and found to be in the amount above required with good and sufficient sureties thereon, as evidenced by an order duly made and entered by the Court to that effect,* the Court shall cause to be entered a decree confirming such sale, and order the report of sale to be recorded by the Clerk, and the proper conveyance of the property sold to be made by the guardian to the purchaser, upon compliance by such purchaser with the terms of sale. The provisions of this Article shall be mandatory, and unless the Court shall first determine that the guardian's bond is adequate and solvent as above set forth, as evidenced by an order made and entered by the Court to that effect, any sale of real estate hereafter made under the provisions of this Title shall be void."

1   It is contended by the plaintiffs in error that the order made November 19, 1935, confirming the first sale is void, 1st, because said bond for $12,700.00, hereinabove set out, is a special bond and not a general bond contemplated by the provisions of Article 4216, and, 2nd, because said order, as it was made and entered by the county court, did not comply with those provisions of said article which we have italicised. The first contention is overruled. At the time this bond was given there was no statute which provided for a special bond, in connection with the sale of land belonging to minors. In our opinion, the said bond is a general bond. An examination of the instrument discloses no material variation from the provisions of the statute (Art. 4141) which prescribe the terms of a guardian's bond. The fact that the bond in question was volun-

tarily given by the guardian, to meet the requirements of Article 4216, does not destroy its legal character as a general bond.

2 We also overrule the second contention stated above. The reasons upon which we base our action in this respect are explained below.

At the trial de novo, before the district court without a jury, the court found that said bond was a good and sufficient general bond, in an amount equal to double the value of the personal property on hand, including the sum for which said land was sold, plus each additional sum as was, in the opinion of said court, sufficient to protect the estate of said wards, and that said bond had a good and sufficient surety thereon, being a surety bond company which was adequate and solvent. Basing its action on these findings, the district court entered judgment correcting the order confirming said sale in the respects that the terms of the order did not confirm to said findings. The court directed that said judgment be certified to the county court for observance.

The action of the district court, stated above, finds firm support in the law. Regarding business transactions appertaining to the estate of a minor, the appellate jurisdiction of the district court is coextensive with the original jurisdiction of the county court. In regulating procedural matters pertaining to the exercise of this appellate jurisdiction by the district court, the Legislature passed Article 932 and 939 of the Revised Statutes. These articles read as follows:

"Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were bad, and not afterward. Persons non compos mentis, infants and femes covert shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

"The cause shall be tried de novo in the district court, but the issues shall be confined to the grounds of error specified in the application for the writ. The judgment shall be certified to the county court for observance."

In reference to an order of the county court, which is brought to the district court for revision and correction, as

provided in Article 932, it occurs to us that the trial de novo which is provided in Article 939, comprehends, not only the ascertainment and determination by the district court, of the relevant facts as they existed at the time the order of the county court was made, but also comprehends the correction of the form of the county court's order, in keeping with such facts, in the respects that same does not conform to statutory requirements. Clearly these statutes contemplate that these things should be done by the district court in order to establish a legal basis for its own judgment which is required to be certified to the county court for observance. There is no statutory means, save a trial de novo, by which the appellate jurisdiction of the district court may be exercised and, save by certifying its judgment to the county court for observance, there is no statutory means provided for the judgment to be carried into effect.

3 We think, too, that, in view of the fact that the trial in the district court is de novo, and that the scope of the appellate jurisdiction of that court is as wide as the original jurisdiction of the county court, the district court ought to entertain and give due effect to any lawful defense of the appellees which is duly established at such trial, whether same requires affirmative action or not, provided the subject matter of the defense falls within the scope of the appellate jurisdiction of the court. For this reason, we conclude that no error was committed by the district court, in entertaining the cross action of the defendants in error by which they sought affirmative relief involving the correction of the county court's order.

At this point, it becomes proper to explain that the case we have before us is a consolidated case composed of two cases which were pending in the Court of Civil Appeals, on appeal from said district court, and which were consolidated and passed on by the Court of Civil Appeals. One of said cases involved the judgment which was rendered by the district court in the certiorari proceedings discussed above; the other case involved a judgment rendered by the district court in a suit of trespass to try title. In the last mentioned suit the plaintiffs in error, hereinabove named, sought recovery from the defendants in error the title to and possession of all the lands hereinabove mentioned. In the district court, judgment was rendered against the plaintiffs in the suit of trespass to try title, and the Court of Civil Appeals affirmed that judgment.

The application for the writ of error herein relates to both

cases which compose the consolidated case, and contains many assignments of error. All of said assignments have been duly considered, and no reversible error is found.

The respective judgments rendered by the district court in said component cases of the consolidated case, together with the judgments of the Court of Civil Appeals affirming same, are in all respects affirmed.

Opinion adopted by the Supreme Court November 5, 1941.