## J. W. FLANAGAN, ADM'R, v. W. C. PIERCE.

The County Court is not authorized by law to order a sale of land belonging to an estate, except for the payment of debts, or for partition when it appears by the report of the commissioners of partition that the land itself cannot be equitably partitioned.

It is not proper for the County Court to order a sale of land belonging to an estate, for the purpose of enabling the administrator to settle up the estate and satisfy the heirs.

When the County Court orders the sale of land, in a case where it is not authorized to do so by law, its proceedings are, to say the least, erroneous; and any person interested may have the error corrected by the writ of *certiorari* removing the proceedings to the District Court.

APPEAL from Rusk. Tried below before the Hon. C. A. Frazer.

This suit was commenced by writ of *certiorari* issued by the district judge, on the petition of the appellee, to the County Court of Rusk county, for the purpose of correcting an order of that court amending its previous judgment of confirmation of an administrator's sale, at which sale the petitioner was a purchaser of lands belonging to the estate of George Pierce, deceased.

The facts appear sufficiently in the opinion.

*Donley & Anderson*, for appellant.

*Martin Casey*, for appellee.

BELL, J.—We are of opinion that there is no error in the judgment of the court below. We do not deem it necessary to discuss all the questions that were raised in the court below, and that are argued by counsel in this court.

The proceeding was by *certiorari* to correct the error of the County Court in ordering a sale of the land of the estate of George Pierce, upon the petition of the administrator. The petition of the administrator did not present a case in which it was proper for the County Court to order a sale of the land. The sale of the land was sought upon the score of convenience, "to

Flanagan v. Pierce.

enable the administrator to settle up said estate, and satisfy all the heirs." The County Court is not authorized by law to order a sale of the land belonging to an estate, except for the payment of debts, or for the purpose of making partition, when, by the report of the commissioners of partition, it is shown to the court that the land itself cannot be equitably partitioned.

It is true, that the County Courts have jurisdiction to order the sale of land belonging to the estate of a deceased person; but it cannot be said, that the courts have jurisdiction to do anything which the law does not permit. Ordinarily, a purchaser at administrator's sale will be protected, if there has been an order of sale, a sale in compliance with the order, and a subsequent confirmation by the court. This is because, in such cases, the presumption is indulged that the facts were such as to warrant the order of sale; and upon the further principle that mere irregularities are cured by the confirmation of the sale, and by the enjoyment of the proceeds of the sale, by the estate or by the heirs; and not because the court has any general powers or jurisdiction which enables it to go beyond the law, and to order a sale of the land of an estate, in a case not provided for by the statute. When the County Court orders the sale of land, in a case where it is not authorized to do so by law, its proceedings are, to say the least, erroneous; and any person who is interested may have the error corrected by applying to the district judge for a writ of *certiorari*, to remove the proceedings to the District Court.

We are of opinion that the writ of *certiorari* was properly granted in the present case. The decree of confirmation (*nunc pro tunc*) was entered by the County Court at its March Term, A. D. 1857. The petition for *certiorari* was filed on the 4th of January, A. D. 1858. The order of the district judge, granting the writ, having been made one month previous to that time. It cannot be held, that the right to the writ of *certiorari* was barred by the lapse of two years from the time of the return of the sale of the property by the administrator.

The judgment of the court below is affirmed.

Judgment affirmed.