UNITED STATES FIDELITY & GUARANTY COMPANY v. WILLIAM BUHRER, ET AL.

No. 2050. Decided November 16, 1910.

**1.—County Court—Guardianship—Bill of Review—Jurisdiction—Appeal.**

The power given to the County Court by article 2799, Revised Statutes, to review its orders in guardianship, arises under the jurisdiction given by section 6, article 5, of the Constitution "to transact all business appertaining to deceased persons, minors," etc., and is distinct from that given over misdemeanors and in "civil cases." No other jurisdiction to review such proceedings is given to the court, and appeal from a judgment in such proceeding, as in probate matters, lies to the District Court, and not to the Court of Civil Appeals, though the case was entered and tried as one on the civil docket of the court, and not as a proceeding in guardianship. (P. 562.)

**2.—Same—Case Stated.**

In a guardianship proceeding the accounts of the guardian were approved and he and his surety discharged. Thereafter the ward brought suit in the County Court to review the accounts and transactions of the guardian and recover from him and his surety sums alleged to be due. The suit was entered and tried as an action on the civil docket of the court, not as a proceeding in the Probate Court. Plaintiff recovered judgment and the surety prosecuted an appeal to the Court of Civil Appeals. Held, that such appeal was properly dismissed by the latter court on motion of the appellee. (Pp. 558–562.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from the County Court of Harris County.

*Hunt, Myer & Townes,* for appellant.—The evidence establishing defendant's plea of res judicata, the County Court in an action on the civil side of its docket had no power to render judgment for plaintiffs as to charges shown in final account, approved and confirmed by the Probate Court. Rev. Stats., art. 2799, 2845, 2846; Watkins v. Sansom, 54 S. W., 1096; Neal v. Bartleson, 65 Texas, 486; Hornung v. Schramm, 54 S. W., 616; Fahey v. Boulmary, 59 S. W., 300.

A bill of review to review and correct the action of the Probate Court in approving the final account of a guardian and discharging his surety can not be entertained on the civil docket of the County Court. Rev. Stats., arts. 1845, 1846, 2779; Watkins v. Sansom, 54 S. W., 1098; Freedman v. Vaille, 75 S. W., 324.

The county courts administering probate matters are distinct courts from county courts exercising their jurisdiction in civil matters. Rev. Stats., art. 2799; Freedman v. Vaille, 75 S. W., 324.

*Lewis Fogle* and *L. C. Kemp,* for appellees.—It is manifest that the County Court, at the the time it rendered its decision in this cause, had jurisdiction to determine probate matters. The proper docketing of a cause should not be treated as a jurisdictional matter. The matter of docketing is one of convenience and if the clerk has made an error in that matter, it should not prejudice the rights of the parties. We submit that this is a probate proceeding and that the District Court alone has appellate jurisdiction. The question raised by appellant that the Probate Court had no power to render the judgment it did in this cause is one proper for the consideration of the court having the power to review it, but does not determine that tribunal.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The Court of Civil Appeals for the First District certifies the following statement and question:

"This is a suit instituted by appellee in the County Court against Frank H. Wells, former guardian of Lillian Keuhns, now appellee Lillian Buhrer, and the United States Fidelity & Guaranty Co., surety on his bond as guardian. The essential character of the proceeding can best be shown by the petition (or Bill of Review), which is as follows:

" 'Lillian Buhrer and A. C. Buhrer
vs.                          In the County Court of
Frank Wells and United States      Harris County, Texas.
Fidelity & Guaranty Co. of Baltimore.

" 'Now comes Lillian Buhrer of Dallas, Texas, joined herein pro forma by her husband, A. C. Buhrer, also of Dallas, Texas, plaintiffs in the above numbered and entitled cause, and complains of Frank H. Wells, of Harris County, Texas, and the United States Fidelity

and Guaranty Co. of Baltimore, organized under and by virtue of the laws of Maryland, having an office and doing business in Harris County, Texas, of which E. R. Lewis is local agent and manager, defendants herein, and for cause of action allege:

" '1.   That heretofore, to wit, on the 10th day of September, 1902, Frank H. Wells, defendant herein, was by this Honorable Court appointed guardian of the estate of said plaintiff Lillian Buhrer, formerly Lillian Kuhns, said Lillian Buhrer at that time being a minor, and the defendant United States Fidelity and Guaranty Co. became surety on the bond of the said guardian for the faithful performance of his duties as such guardian.

" '2.   That the said guardian failed to account for and file an inventory of all the property belonging to the estate of said minor in this, to wit: the said Lillian Buhrer was entitled as heir of her mother, Josephine Kuhns, to one-fourth' ($\frac{1}{4}$) interest in about twenty (20) head of cattle of the value of $300, one-fourth interest ($\frac{1}{4}$) in household furniture including a piano, all of the value of $400, and one-fourth ($\frac{1}{4}$) interest in the rents of a house on Lot, 5, Block 37, N. S. B. B. in the city of Houston from Jan. 1, 1899, to Jan. 8, 1904, the rental value of said house being $15 per month, for none of which did the said guardian account.

" '3.   That said guardian negligently and fraudulently sold a horse in which the said minor had one-fourth interest for the sum of $60, when the said horse was at that time of the reasonable market value of $150, and the said guardian accounted for only one-fourth of $60.

" '4.   That on Jan. 8, 1904, the said guardian negligently and fraudulently sold the premises known as Lot 5 in Block 37, N. S. B. B. in the city of Houston, Texas, and in which the said minor had a one-fourth interest for the sum of $1600, when said premises were at the time of said sale of the value of $2000, and that said defendant Wells accounted for only one-fourth of $1600.

" '5.   That the said defendant Wells wrongfully and fraudulently charged against the estate of said minor certain accounts for articles which the said Wells falsely claimed to have bought for said minor and for services falsely claimed to have been performed for said minor, none of which were furnished to said minor by her said guardian Wells, nor by any one for him.   Said accounts are 'as. follows:' (Here follows an itemized statement of charges falsely made by guardian.)

" '6.   That said guardian falsely and fraudulently charged against the estate of said minor the sum of $150 for board of said minor and during the time for which said charge was made the said guardian did" not provide said minor with board nor did he expend the $150, nor any part of it, for the board of said minor, and if it should appear that said guardian furnished board to said minor, plaintiffs allege that during the whole time such board was furnished said minor performed services for said guardian and that they were reasonably worth much more than the value of such board for which services said guardian has not accounted.

" '7.   That said guardian claims to have expended certain money as hereinafter set out for costs of court, attorney fees and cost of

bond in said guardianship proceedings and has charged the same against said estate and that by reason of the fraudulent and wrongful charges against the said estate and the careless manner in which said guardian managed said estate, as set out in paragraphs 2, 3, 4, 5, and 6, of this bill, the said guardian is not entitled to be reimbursed out of the estate of said minor for such expenditures for costs, attorney fees and bond if any such expenditures were made. Said expenditures which the said guardian claims to have made are as follows:'

(Here follows statement of amounts claimed by guardian.)

" '8. That said guardian was allowed certain sums to the amount of $18.34 as compensation for acting as guardian of said estate and by reason of the careless and fraudulent manner in which said guardian managed said estate and the wrongful and fraudulent charges made by such guardian against said estate, he is not entitled to any compensation and should be required to account therefor.

" 'Wherefore, plaintiffs pray that citation issue commanding defendants and each of them to answer this bill and that upon the hearing hereof this court will review the accounts of said guardian of the estate of Lillian Kuhns, minor, and compel said guardian Wells and his said surety, defendants herein, to account to plaintiffs for the property which said guardian failed to account for and for the sums so wrongfully expended by said guardian in the sum of $937.50 with interest thereon from September 10, 1902. That said defendant be decreed to pay all costs of court including the costs of the guardianship proceeding, for all of which plaintiffs pray judgment.'

"Wells, the guardian, made default and judgment by default was rendered against him from which he does not appeal. The United States Fidelity and Guaranty Company answered by general demurrer and general denial and set up the former order approving the final account of the guardian and discharging the surety on his bond in bar of this action.

"It appeared that at a former term of the County Court of Harris County sitting in probate, the final account of the guardian had been regularly approved and it was adjudged that he was not indebted to the ward in any amount, whereupon the guardian was discharged and the surety upon his bond released from further liability.

"After evidence heard the trial court rendered the following judgment, from which the surety has appealed direct to this court:

" 'Lillian Buhrer, et al.,   }   Suit pending in the County Court
vs.   }   of Harris County, Texas.
Frank H. Wells, et al.   }

" 'Be it remembered, that on this, the 6th day of October, 1908, came on in open court, in its regular order upon the docket to be heard the above numbered and entitled cause.

" 'And it appearing to the court that the defendant Frank H. Wells, though duly cited to appear and answer in this cause, came not, but wholly made default and that an interlocutory judgment by default has heretofore been duly entered herein against said defendant, Frank H. Wells, on the 28th day of May, 1907, and the plaintiff, Lillian

Buhrer, joined pro forma by her husband, ........ Buhrer, appearing herein by Lewis Fogle, Esq., their counsel of record, and the defendant, The United States Fidelity & Guaranty Company, a corporation, appearing by Hunt, Myer & Townes, its counsel, and the general demurrer filed herein by the defendant, The United States Fidelity & Guaranty Company, being submitted to the court, was in all things by the court overruled, to which ruling of the court the said defendant in open court excepted and no jury having been demanded, the matters of fact as well as of law were submitted to the court.

"And the court having heard the evidence as well as the argument of counsel, and being fully advised in the premises, is of the opinion that the facts and the law are with the plaintiffs.

"It is therefore considered by the court, and so ordered, adjudged and decreed, that the plaintiffs' bill of review be, and the same is hereby allowed, and it appearing to the court that at a previous term of this court said defendant, Frank H. Wells, was duly appointed guardian of the estate of plaintiff Lillian Buhrer, then Lillian Kuhns, and that said defendant Wells entered into a bond in the sum of $1000 conditioned that he would faithfully and properly discharge his duties as guardian of the estate of said Lillian Kuhns, and that said defendant The United States Fidelity & Guaranty Company became surety on said bond. And it further appearing to the court that certain items in the annual and final accounts of the guardian were improperly charged against the estate of said minor, Lillian Kuhns, now Lillian Buhrer, plaintiff in this cause, and improperly allowed by the court, viz.:"

(Here follows statement of improper charges.)

"And it further appearing to the court that certain personal property came into the hands of said guardian, but was not inventoried by him nor accounted for by him to the court or to said minor, as follows:"

(Here follows statement of property.)

"It is therefore considered by the court and so ordered, adjudged and decreed, that the plaintiff, Lillian Buhrer, do have and recover of the defendants, Frank H. Wells, as principal, and The United States Fidelity & Guaranty Company of Baltimore, as surety, the sum of $349.08, together with interest thereon from September 6, 1905, at the rate of six percent per annum and for all costs of court, for all of which let execution issue.

"To which action of the court the said defendant, The United States Fidelity & Guaranty Company did then and there in open court except, and gave notice of appeal to the Honorable Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, and thirty days are hereby allowed after the adjournment of this court, in which to prepare and file a statement of facts and bills of exception.

"It is stated in the opinion of this court that the case appears to have been entered on the civil docket of the court, but that fact does not appear except from the heading of appellees' bills of ex-

ceptions and supersedeas bond giving the style and number of the case thus: 'Pending in the County Court of Harris County, Texas. Civil Docket.' This court held that this was a proceeding in probate, an appeal from which should have been prosecuted to the District Court, and dismissed the appeal for want of jurisdiction. A motion for rehearing is now pending and inasmuch as our judgment is not subject to be reviewed by the Supreme Court and we have some doubt of the correctness of the disposition made of the appeal, we have thought it proper to certify to the Supreme Court the following question:

"Did this court err in dismissing the appeal for want of jurisdiction?"

The court did not err in dismissing the appeal for want of jurisdiction. The proceeding was probably intended as one brought under Article 2799, Revised Statutes, to review the orders of the court in the guardianship.

The jurisdiction given to the County Court by section 16 of article 5 of the Constitution to appoint guardians and "to transact all business appertaining to deceased persons, minors," etc., is quite distinct from that given in the first part of that section over misdemeanors and "civil cases." The power given to the court by the article of the statute cited to review its orders upon bill of review is part of the jurisdiction which belongs to the court under the grant first mentioned. No other jurisdiction so to review orders of that character in this mode is given to any court; and it is given to the County Court when transacting business pertaining to minors and not when exercising jurisdiction over civil cases. A bill asking such a court to review its orders in a guardianship after it has lost all power to change them otherwise than in the mode prescribed by this statute must necessarily be treated as a proceeding under that statute, invoking the only power that the court has; a power included in that to transact "business appertaining to minors" granted by the Constitution. And when the court has acted in the exercise of that kind of jurisdiction the only appeal allowed by the Constitution and laws is to the District Court.

But whether the petition should be treated as a bill of review under the statute referred to or not, it necessarily invokes the only jurisdiction the County Court has to settle the accounts of guardians from the exercise of which an appeal lies only to the District Court. The present question is not whether or not a good cause of action was shown, nor as to the correctness of the judgment of the County Court, but as to the kind of jurisdiction invoked.