### WATTS et al. v. MOSS et al.

No. 12867.

Court of Civil Appeals of Texas. Fort Worth.

June 24, 1933.

Rehearing Denied July 22, 1933.

Benson & Benson, of Bowie, and Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Allred & Brown, of Henderson, and T. H. Yarbrough, of Bowie, for interveners.

Homer B. Latham and M. A. Bryan, both of Bowie, for appellees.

LATTIMORE, Justice.

Appellant complains of the action of the trial court denying it a bill of review.

Appellant was surety upon a guardian's bond filed in Montague county. The ward attaining majority, the guardian filed a final account which was contested by the ward. The appellant knew of this contest, obtained copies of the contest, employed an attorney who did not appear of record at the trial but sat through same assisting counsel for guardian, advising and suggesting how the case should be developed.

From the county court's judgment an appeal was taken, and pending the trial de novo, counsel for appellant continued his aid in the preparation of the case on appeal.

The case was tried in the district court in the absence of counsel for the surety appellant and without his knowledge. The term of court expired one or two days thereafter, and at the next term of court appellant offered its bill of review, praying the setting aside of such judgment.

The right to this bill is asserted, first, under article 4328, R. S., and, second, under the general equity powers of the court. Let us consider the first. The statute reads: "Any person interested may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein. But no process or action under such decision, order or judgment shall be stayed except by writ of injunction."

This statute is in chapter 17, entitled "Appeal," of title 69, entitled "Guardian and Ward." The point is made that this statute applies only to bills of review against county court judgments in probate. Such a state-

1096

ment is made in 21 Tex. Juris. 362, citing Yates v. Watson (Tex. Com. App.) 221 S. W. 966, 967, where a statement is made by the commission to that effect. However, it was dictum and the opinion was not approved. It is stated in U. S. F. & G. Co. v. Buhrer, 103 Tex. 557, 131 S. W. 808, but is dictum there also. In the view we take it is not necessary to pass on this question.

■ From earliest days our courts have shown that while the substantial rights of those interested should be preserved under this statute and that it is not necessary that the bill of review fulfill the requirement of a bill in equity. Eastland v. Williams, 92 Tex. 113, 46 S. W. 32, yet the statute must have a construction which would not allow unending rehearing of litigated issues, nor furnish suspicion and uncertainty of the administration of the guardian's estate. In De Cordova v. Rogers, 97 Tex. 64, 75 S. W. 16, 18, it is said: "It would seem that this provision must of necessity be subject to some limitation. For example, it was hardly contemplated that the action of the court in appointing a guardian would be subject to be revised many years after the appointment."

It is not necessary to cite further authorities or reasons to show the wisdom of such action by the courts. The clearest and best rule is laid down by Justice Wheeler in Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117, where it is said: "It was not intended to introduce the pleadings and practice in chancery; but to provide a remedy in the nature of a bill of review, or a new trial, in cases where the defendant had not been afforded the opportunity of making his defence, for the attainment of the right and justice of the case, by a rehearing, or new trial of the case, upon its merits."

■ This is not exclusive of equitable review. It includes those cases and more. It does not include the surety on the guardian's bond who knows of the proceeding, who hires an attorney to assist the guardian's attorneys in the presentation of the guardian's case, and which attorney does so sit and makes requests and preparation to so sit in the trial de novo in the district court, but through failure to attend court does not so sit but does discuss with the guardian the form of the judgment to be prepared to record the district judge's decision. To entertain such a bill would be to encourage delay—to invite each surety to take two bites at the cherry: First, see if by holding the guardian between it and the fire, it can escape, and, failing there, relitigate the whole in its own name and of record. It is not a defendant which "had not been afforded the opportunity of making his defense," and such is not "for the attainment of the right and

justice" and only portends those evils inveighed against in the above cases.

■ Turning to the equitable bill of review, we observe that the cause was regularly set for trial in the district court. That the guardian and the ward (all the formal parties to the appeal) were present and announced ready. Counsel for the surety were not present, although a resident of the county where the case was tried, being "under the impression" that counsel for the guardian would notify them when the case was called, a notification that guardian's counsel denied promising, and which surety's counsel refused to unqualifiedly testify to. Counsel for surety learned of the judgment on the next day after it was rendered and before the end of the term of court on the same day. No action other than this bill of review was taken against that judgment. We think no fraud, accident, or mistake on the part of the court, the guardian, or the ward is shown, and that the surety's lack of diligence deprives it of any claim upon the protection of equity.

Affirmed, at cost of appellant United States Fidelity & Guaranty Company.