R. H. JONES ET AL V. SUN OIL COMPANY ET AL.

No. 7821. Decided July 16, 1941.
(153 S. W., 2d Series, 571.)

354

*G. C. Lowe,* of Woodville, and *M. M. Feagin* and *R. H. Jones,* both of Livingston, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the suit, by way of bill of review and direct attack, was an action involving title to land of such nature that the district court alone has jurisdiction thereof. Gibson v. Dennis, 90 S. W. (2d) 319; Pure Oil Co. v. Reece, 124 Texas 476, 78 S. W. (2d) 933; American Surity Co. v. Fitzgerald, 36 S. W. (2d) 1104.

*James F. Parker,* of Kountze, *T. L. Foster, J. W. Timmins, C. A. Toler,* and *Martin A. Row,* all of Dallas, for defendants in error.

It was error for the court to hold that a district court has juisdiction in an oiginal proceeding to set aside merely voidable orders of a probate court, where such orders have been executed and sales made thereunder, and that such a proceeding will be a direct and not a collateral attack on the orders of the probate court. Farley v. Dorsey, 134 Texas 403, 135 S. W. (2d) 89; Carroll v. McLeod, 133 Texas 571, 130 S. W. (2d) 277; McCampbell v. Durst, 73 Texas 410, 40 S. W. 315.

*Charles B. Ellard, G. W. Schmucker, S. M. Leftwich, Walace Hawkins, Earl A. Brown,* all of Dallas, *D. O. Belew, Homa S. Hill, Burton B. Paddock, Sterling C. Holloway, Thompson & Barwise, Wm. J. Rieker, B. G. Mansell* and *Luther Hudson,* all of Fort Worth, and *Angus G. Wynne,* of Longview, filed briefs as amici curiae.

MR. JUSTICE SHARP delivered the opinion of the Court.

We have carefully considered the motions for rehearing submitted by counsel for the litigants, as well as the briefs by

amici curiae, in this case, and we hereby withdraw the original opinion rendered herein on April 30, 1941, and the dissenting opinion of Chief Justice Alexander, and substitute therefor the following opinion:

R. H. Jones and others filed this suit, in the nature of a bill of review, in the County Court of Hardin County, against the Sun Oil Company and others, seeking to set aside the orders previously entered in said probate court appointing a guardian for the estate of the Overstreet minors, and authorizing and approving the sale of certain land belonging to said minors. At the conclusion of the evidence, the county judge instructed a verdict for the defendants; which was duly returned and judgment entered in their favor. Plaintiffs appealed from the judgment entered in the probate court to the District Court of Hardin County, Texas. On the trial in the district court, the court sustained a plea in abatement to the suit, and dismissed same on the ground that the probate court from which the appeal had been prosecuted was without jurisdiction to entertain the bill of review, because said proceedings involved the title to land. An appeal was taken to the Court of Civil Appeals at Beaumont, and the judgment of the district court was affirmed. 145 S. W. (2d) 615.

1. The trial court having sustained the plea in abatement and refused to try the case on its merits, we must assume that the facts alleged in the bill of review are true. Johnston v. Stephens, 121 Texas 374, 49 S. W. (2d) 431.

It is contended that a sale of real estate having been made under the orders of the probate court by the guardian, the county court did not have authority to entertain a bill of review in this case, because title to real estate was involved, and that on appeal the jurisdiction of the district court was limited only to the matters over which the county court had jurisdiction in the original bill of review.

The controlling facts are as follows: On July 16, 1930, Mrs. Addie Walker, a widow, who alleged that she then resided in Hardin County, Texas, filed her application in the County Court of Hardin County, Texas, to be appointed guardian of the persons and estates of her four minor children. Two of such children were then over fourteen years of age, and they filed their written waiver of citation and personal service, and made choice of their mother, Mrs. Walker, as guardian of

their persons and estates. On August 27, 1930, the County Judge of Hardin County, by written order, which is duly recorded in the minutes of the court, appointed Mrs. Addie Walker guardian of the persons and estates of her four minor children. The application of Mrs. Addie Walker to be appointed guardian, the waiver of her two children, and the court's order appointing her as such guardian, are the only original papers to be found. All other orders, proceedings, and decrees, if any were ever entered, except those mentioned above, were lost or misplaced before being entered of record in the minutes of the court. Even the judge's docket was lost. The county judge who made the original orders was also county judge of that court at the time his attention was called to the fact that all the proceedings, except the three papers above mentioned, were lost or misplaced, and had not been recorded in the minutes of the court. On January 21, 1937, on his own motion, said county judge made his order nunc pro tunc to supply, protect, and preserve the proceedings, records, orders, judgments, and decrees that were alleged to have been made and transacted in the probate court in said guardianship proceedings while he was the judge presiding of such court. This nunc pro tunc order accompanies the record. According to such nunc pro tunc order, the land described in such orders was sold by the guardian under the order of the court, and O. O. Overstreet became the purchaser. The defendants are claiming under the guardian's deed conveying same.

Plaintiffs, as grounds for abating and annulling the guardianship proceedings had in Hardin County, alleged that the court was without jurisdiction to entertain Mrs. Walker's application to be appointed guardian of her minor children, or to make such appointment, because at the time neither Mrs. Walker nor any of the children resided in Hardin County, but that she and they were residents of Rusk County, Texas, and that under Article 4111, Vernon's Texas Civil Statutes, they must have been residents of Hardin County to confer jurisdiction on the county court in that county. In her application Mrs. Walker alleged that she and her minor children resided in Hardin County. Plaintiff also challenges the right to enter the alleged nunc pro tunc order, on the ground that no notice of the intention to enter the same was given. The county judge held that he had jurisdiction to make and enter all orders, judgments, and decrees that he did actually make, while the proceedings were active, as outlined in his nunc pro tunc order.

The controlling question presented here is whether the county court, sitting in probate, had jurisdiction to entertain the bill of review, filed within the time prescribed by law; and if, on appeal, the district court had jurisdiction to set aside the probate orders previously entered by the county court relating to the guardianship proceedings.

Article V, Section 16, of the Constitution provides in part as follows: "The County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardians of minors * * * transact all business appertaining to deceased persons, minors, * * *."

Article 4328, Revised Civil Statutes, under the title appertaining to guardians and wards, provides: "Any person interested may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein. But no process or action under such decision, order or judgment shall be stayed except by writ of injunction."

It is undisputed that a deed was made by the guardian, conveying realty, by virtue of the order entered by the County Judge of Hardin County in the guardianship proceedings. As we construe the pleadings filed in the bill of review in the county court, such bill or review was brought only for the purpose of annulling and cancelling the orders of the court relating to the guardianship proceedings, appointing the guardian and authorizing the sale of the land thereunder. As we construe such pleadings, they do not undertake to divest out of the vendee who purchases said land under such order the title to the land bought by him, nor to divest same out of those who hold under him.

**2, 3** The law authorizes the appointment of a guardian by the court (Article 4102, Revised Civil Statutes 1925), and after his or her qualification as such guardian, the court may authorize such guardian to sell real estate for certain purposes expressed in the statute. Article 4193 et seq., Revised Civil Statutes 1925. Where it clearly appears from the record relating to such appointment and sale of the land that the statutes have not been complied with, or that the statutes do not authorize the sale of such land, then, of course, the guardian is not authorized to make such sale; and if such sale is at-

tempted to be made, it is void. Neal v. Holt, 69 S. W. (2d) 603 (writ refused). The rule further prevails in this State that if the judgment on its face shows it to be void, all purchasers of land thereunder are charged with notice of such vice, and a good title to such land will not pass by virtue of a sale thereunder. Paul v. Willis, 69 Texas 261, 7 S. W. 357; Smith v. Paschal (Com. App.), 1 S. W. (2d) 1086; Morris v. Halbert, 36 Texas 19; Templeton v. Falls Land & Cattle Co., 77 Texas 55, 13 S. W. 964; Farmers National Bank v. Daggett (Com. App.), 2 S. W. (2d) 834; Coffman v. National Motor Products Co. (Com. App.), 26 S. W. (2d) 921; Adams v. Epstein, 77 S. W. (2d) 545 (Civ. App.); Bearden v. Texas Co. (Civ. App.), 41 S. W. (2d) 447, affirmed 60 S. W. (2d) 1031; Davis v. White (Civ. App.), 207 S. W. 679, affirmed 228 S. W. 154; 25 Tex. Jur., 694. The law furnishes no protection to the purchaser with notice of such vice. 25 Tex. Jur., 593.

Section 8 of Article V of the Constitution of this State defines the jurisdiction of the district court. Among other things, it provides that the district court shall have original jurisdiction "of all suits for trial of title to land and for the enforcement of liens thereon; * * *." It is further provided that, "The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators and guardians, and for the transaction of all business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law." Article 4328, supra, authorizes the filing of a bill of review attacking the orders of a probate court in the court where the proceedings originated.

4 In many cases it has been held that a probate court has authority under a bill of review to set aside its former orders, even though a sale of land in the meantime has been made under such orders. Edwards v. Halbert, 64 Texas 667; Fortson v. Alford, 62 Texas 576; United States Fidelity & Guaranty Company v. Buhrer, 103 Texas 557, 131 S. W. 808; Flanagan v. Pierce, 27 Texas 78; Lomax v. Comstock (writ dismissed), 110 S. W. 762; Heath v. Lane, 62 Texas 686; Ruenbuhl v. Heffron, 38 S. W. 1028; Jirou v. Jirou, 104 Texas 136, 135 S. W. 114; Nicholson v. Nicholson (writ refused),

125 S. W. 965; American Surety Co. v. Fitzgerald, 36 S. W. (2d) 1104 (writ refused); Yates v. Watson, 187 S. W. 548, 552, affirmed 221 S. W. 966; Robbie v. Upson, 153 S. W. 406; Neal v. Holt, 69 S. W. (2d) 603 (writ refused); Sutton v. English, 246 U. S. 199, 62 L. Ed. 664, 38 Sup. Ct. 254; Franks v. Chapman, 60 Texas 46; Franks v. Chapman, 61 Texas 576; Buchanan v. Bilger, 64 Texas 589; 14 Tex. Jur., 289. Such bill of review must be filed within the time prescribed by law. In this instance the bill of review was filed within two years after the entry of the nunc pro tunc order.

5   Where an appeal is made from the county court to the district court, involving proceedings in a bill of review, the jurisdiction of the district court is appellate, and the issues are limited in that court to the issues properly raised in the county court. Constitution, Article V, Section 8; Jirou v. Jirou, 104 Texas 136, 135 S. W. 114; Buchanan v. Bilger, 64 Texas 589; Heath v. Layne, 62 Texas 686; Franks v. Chapman, 60 Texas 46; Pure Oil Co. v. Reece, 124 Texas 476, 78 S. W. (2d) 932; 9 Tex. Jur., p. 25, sec. 6; 13 Tex. Jur., p. 640, sec. 55. In an appeal from the county court to the district court by certiorari proceedings, a more liberal rule is announced. McDonald v. Edwards, 137 Texas 423, 153 S. W. (2d) 567.

6   The rule is well settled that where it appears that the judgment of the court authorizes the sale of land and it is apparently regular on its face, the rights of innocent purchasers will be protected, where such land is purchased for value and without notice of the defect. Weems v. Masterson, 80 Texas 45, 15 S. W. 590; Carpenter v. Anderson, 33 Texas Civ. App., 484, 77 S. W. 291 (writ refused); Seguin v. Maverick, 24 Texas 526, 76 Am. Dec. 117; Rowland v. Klepper (Com. App.), 227 S. W. 1096; Crabb v. Uvalde Paving Co. (Com. App.), 23 S. W. (2d) 300; General Electric Co. v. Canyon City Ice & Light Co. (Civ. App.), 136 S. W. 78; Crow v. Van Ness (Civ. App.), 232 S. W. 539; Dean v. Dean (Civ. App.), 165 S. W. 90; 25 Tex. Jur., 593; 30 Amer. Jur., p. 886, sec. 125.

7   We hold that the probate court had jurisdiction to entertain the bill of review filed in this case; and the district court erred in sustaining the plea in abatement. The holding of this Court to the contrary in Farley v. Dorsey, 134 Texas 403, 135 S. W. (2d) 89, is overruled.

8   The Constitution requires that the title to real property

must be tried in the district court. This rule prevails even though the orders of the probate court appointing a guardian and authorizing a sale of land should be annulled and cancelled. The validity of the title conveyed under an order of sale, if the order is not void on its face, will depend on the question of whether the present owner or some prior grantor thereunder was a purchase in good faith without notice of the defect. The issue of a good faith purchaser should not be tried out in the probate court, for this would be trying the title to land in a court denied such jurisdiction.

**9** Since the probate court is without authority to try the title to the land, and on appeal no such jurisdiction is conferred on the district court, that issue should not be litigated. In this instance it appears to be the better practice, though not indispensable, that if the judgment be one setting aside a former order, it should recite that it is without prejudice to the rights of good faith purchasers, if any. 30 Amer. Jur., p. 886, sec. 125.

The judgments of the district court and of the Court of Civil Appeals are reversed, and the cause is remanded for a new trial.

Opinion delivered July 16, 1941.