**MORSE et al. v. MORSE et al.**

**No. 1876.**

Court of Civil Appeals of Texas. Eastland.

April 24, 1942.

Rehearing Denied May 22, 1942.

J. L. Goggans, of Dallas, and Tom N. Cope, of Atlanta, for appellants.

Newland & Cornett, of Linden, Carey M. Abney, of Marshall, and Carney & Carney, of Atlanta, for appellees.

GRISSOM, Justice.

Howard D. Morse and Dorothy M. Manning, joined by her husband, W. D. Manning, filed this suit in the nature of a bill of review against Wesley Morse, formerly the guardian of Howard Morse and Dorothy Morse, now Dorothy Manning, and others in the County Court of Cass County, on April 15, 1936. The purpose of the suit was to set aside all of the guardianship proceedings in said court. The judgment of the County Court was for defendants and plaintiffs appealed to the District Court. Plaintiffs' amended petition alleged that in June, 1929, Wesley Morse, purporting to act as the guardian of the person and estate of Howard and Dorothy Morse, minors, filed an application in the County Court of Cass County to sell the real estate of said minors; that said court entered its order authorizing the sale; that in July, 1929, said purported guardian filed a report of the sale of said minors' real estate, informing the court that said guardian had sold said real estate at private sale in July 1929 to J. B. Echols; that in August, 1929, there was entered in said guardianship proceeding an order confirming the sale; that a purported bond was given by the guardian; that Wesley Morse, as guardian, executed a deed to Echols purporting to convey the interest of said minors; that Howard and Dorothy Morse, as stated in the application of Wesley Morse to be appointed guardian, were then 20 and 18 years of age respectively; that plaintiffs did not waive the issuance and personal service of citation nor the right to make a choice of their guardian, being over the age of 14 years; that they were not personally served with citation; that Wesley Morse was never legally appointed guardian, and the order attempting to appoint Wesley Morse as guardian of said minors was a nullity; that all the applications and orders in connection with said proceedings were void. Many irregularities in said proceeding were alleged and proved.

Wesley Morse and many defendants claiming to own an interest in the real estate conveyed by said guardian to Echols pleaded, among other things, the four years' statute of limitation (Art. 5529), and that they were innocent purchasers.

Upon a trial in the District Court the cause was submitted to the jury upon the following indicated issues, and the jury

found: (1) That Howard Morse did not waive in writing personal service prior to the appointment of Wesley Morse as his guardian; (2) that Howard and Dorothy Morse were not personally served with citation in the guardianship proceedings; (3) that Howard Morse, before April 14, 1932, did not know that his interest in the land had been sold by Wesley Morse as guardian under an order of sale issued by the County Court of Cass County; (4) that Howard Morse, by exercise of ordinary diligence, could not have learned of the existence of the guardian's deed on or before April 14, 1932; (5) that Dorothy Morse did not know of the existence of the guardian's deed before June 28, 1930; (6) that Dorothy Morse, by the exercise of ordinary diligence could not have learned of the existence of such guardian's deed before June 28, 1930; (7) that Dorothy Morse, before April 14, 1932, did not know that her interest in the land had been sold by Wesley Morse, as guardian, under an order of sale issued by the County Court of Cass County; (8) that Dorothy Morse, by the exercise of ordinary diligence, could not have learned of such guardian's deed prior to April 14, 1932, and (9) that Dorothy Morse did not waive in writing personal service upon herself prior to the appointment of Wesley Morse as her guardian.

The record shows conclusively that Howard became 21 years of age on December 29, 1929, and that Dorothy, then a minor, married June 28, 1930. That service of citation on the application for appointment of the guardian was made by posting as required by Art. 4115, Vernon's Ann.Civ. St. art. 4115, but personal service on the minors, provided for by Art. 4116, Vernon's Ann.Civ.St. art. 4116, was not had and they did not waive personal service nor make choice of a guardian; that the guardian's deed was executed August 31, 1929, and recorded in the deed records of Cass County September 4, 1929. Plaintiffs' petition was filed in the County Court of Cass County on April 15, 1936.

The District Court sustained defendants' motion for judgment non obstante veredicto and rendered judgment for defendants. Plaintiffs have appealed.

The judgment, after reciting the jury's verdict and that the defendants filed a motion for judgment non obstante veredicto and that the court granted it, recited that the court found from the uncontroverted evidence that plaintiffs, as a matter of law, were charged with and had notice of the appointment of the guardian, the sale of the land prior to the termination of their disabilities of minority, and that their right of action was barred by the four years' statute at the time their original bill of review was filed, and that the orders in question were regular on their face and defendants were innocent purchasers.

Appellants present many assignments of error and points upon which they rely for a reversal of the judgment. Appellees have not filed briefs.

■■ It is definitely settled that a probate court has authority under a bill of review to vacate its former orders, even after a sale of land has been made under such orders. Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571. We cannot sustain the judgment upon the trial court's finding that the defendants are innocent purchasers of the land. That issue was not within the power of the probate court to determine and could not be determined by the District Court on appeal. Jones v. Sun Oil Co., supra.

■ We think the judgment must be sustained, however, upon the finding of the court that plaintiffs' cause of action was barred by the four years' statute of limitation. Art. 5529. There was no finding of fraud. At the time of the guardianship proceedings and the sale of the land by the guardian to Echols under orders of the probate court both Howard and Dorothy Morse were minors. As heretofore stated, Howard became 21 years of age in 1929 and Dorothy married, and thereby attained her majority, on June 28, 1930. Plaintiffs' cause of action accrued August 31, 1929, the date of the guardian's deed, or prior thereto, and limitation began to run against their cause of action when Dorothy married on June 28, 1930. Plaintiffs' petition having been filed April 15, 1936, their cause of action was barred by the four years' statute of limitation. Parmley v. Parmley, Tex.Civ.App., 149 S.W.2d 647, 651, writ refused; Collins v. Griffith, Tex.Civ.App., 125 S.W.2d 419, 426, writ refused; Hughes v. Wright, Tex.Civ.App., 127 S.W.2d 215.

Also, see, Giddings v. Steele, 28 Tex. 732, 733, 91 Am.Dec. 336, 340; Murchison v. White, 54 Tex. 78, 86; Garza v. Kenedy, Tex.Com.App., 299 S.W. 231, 234; Parish v. Alston, 65 Tex. 194; Martin v. Wayman, 38 Tex. 649, 655; Schneider v. Sell-

ers, 98 Tex. 380, 84 S.W. 417, 422; Bearden v. Texas Co., Tex.Civ.App., 41 S.W.2d 447, affirmed Tex.Com.App., 60 S.W.2d 1031; Ferguson v. Morrison, Tex.Civ.App., 81 S.W. 1240; Lyne v. Panhandle Const. Co., Tex.Civ.App., 114 S.W.2d 1195, writ dismissed.

The judgment is affirmed.