**WILLIAMS v. CARTER et al.**

No. 11582.

Court of Civil Appeals of Texas. Galveston.

Nov. 23, 1943.

Rehearing Denied Dec. 16, 1943.

P. Harvey and John J. Sargent, both of Houston, for appellant.

Stewart, Burgess & Morris, Johnson & Peden, and Alpha & Brunson, all of Houston, for appellees.

GRAVES, Justice.

Winnie B. Carter, individually and as independent executrix of the will of Lou T. Williams, deceased, filed suit No. 270,561 in the district court of Harris County, on November 4, 1940, declaring upon such will, alleging that it had been probated by the county court of Harris County, and praying for specific construction thereof to aid her in carrying out its provisions; defendants being Charles Williams, the surviving husband of Lou T. Williams, and

others, being the same defendants next herein named in proceeding No. 278,291.

On October 4, 1941, Charles Williams, surviving husband of Lou T. Williams, deceased, filed his suit or petition No. 278,-291, in the same district court, praying for a writ of certiorari to the county court of Harris County, against Winnie B. Carter, individually and as such executrix, her husband, Frank Carter, and Louise, Estelle, Carrie, and Josephine Chappel, and Jennie Randall, respectively, to remove to the district court for trial de novo the proceedings and judgment had in such county court, so probating the will of Lou T. Williams, deceased; Winnie B. Carter, individually, along with the other named respondents, having been designated as the devisees in the will.

On December 31, 1942, Winnie B. Carter, individually and as such executrix, filed an answer to the certiorari proceedings, and also a cross-action in trespass to try title for certain real estate, which cause, as such, it would seem, was later abandoned.

On motion of Winnie B. Carter, the court consolidated these two proceedings, and ordered them tried as one, to which there was no exception.

The case was tried before a jury and, on return of a verdict sustaining the will, the court entered judgment on March 15, 1943, (1) probating the will, (2) construing the will, (3) vesting title in Winnie B. Carter, as independent executrix, to the real estate, and awarding her writ of possession.

This appeal is aided by a transcript only, there being no statement of facts.

The controlling question involved is the power of the district court to render the judgment which it rendered, based upon the consolidation and trial together of, first, a suit filed by the executrix for a construction of the will, and, second, a certiorari proceeding filed by the contestant, seeking to annul the will.

Appellant, Ira Bell Williams, who succeeded her husband as a party after his death, through some six points in this court, in sum, raises only the one controlling issue just indicated—that is, the claimed fundamental lack of jurisdiction of the trial court to render the judgment it did, after the trial of the consolidated causes on the facts before a jury, as detailed, the six contributing objections being:

(1) That the court's jurisdiction in the certiorari proceeding was appellate only—no greater than that of the county court sitting in probate, which had already upheld the will—hence could not be merged with the other suit filed by the executrix of the will, thereby exercising both appellate and original jurisdiction in the one suit;

(2) Likewise, in such merged action, the district court lacked jurisdiction to determine the issue of title to real estate, brought into the proceedings by a cross-action of the executrix in trespass to try title;

(3) Since neither the county court nor the district court in such certiorari proceeding had any jurisdiction to determine an issue of title to real estate in such certiorari proceeding, the judgment in that respect was fundamentally erroneous on the face of the record.

Appellant supports her contentions by such authorities as: Arts. 932 and 3698, Revised Statutes; Pierce v. Foreign Mission Board, Tex.Com.App., 235 S.W. 552; Morse v. Morse, Tex.Civ.App., 162 S.W.2d 1023, at page 1024; Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571, 575; Jirou v. Jirou, 104 Tex. 136, 135 S.W. 114; Pearson v. Holland, Tex.Civ.App., 136 S.W.2d 920; Schwind v. Goodman, Tex.Com.App., 221 S.W. 579, 581; Mills v. Baird, Tex. Civ.App., 147 S.W.2d 312; McDonald v. Edwards, 137 Tex. 423, 153 S.W.2d 567; Bain v. Coats, Tex.Com.App., 224 S.W. 130; Hallam v. Moore, Tex.Civ.App., 126 S.W. 908, 911.

As applied to the distinctive fact-situation shown in this record, these presentments are overruled, upon considerations that may be thus summarized and reduced to a single statement, substantially as is done by the appellees, to-wit:

By agreement of the parties, or in the absence of objection by either party, a district court may consolidate and try together a certiorari proceeding to the county court in a probate matter, with other pending suits between the same parties involving the same subject matter, and of which the district court has jurisdiction.

These authorities are thought to support that conclusion: Arts. 4329 and 939; 21 Tex.Jur., 376; McDonald v. Edwards, 137

Tex. 423, 153 S.W.2d 567, 570; Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571, at page 575, col. 1; Linch v. Broad, 70 Tex. 92, 6 S.W. 751; Pierce v. Foreign Mission Board, Tex.Com.App., 235 S.W. 552, 556; 25 Tex.Jur. 695, 696.

In other words, when the order of consolidation of the two causes of action here involved was entered by the trial court, the appellant did not object nor except thereto; further, as the challenged judgment itself recites, "said two (2) suits and causes of action were consolidated, to be jointly tried by order of the Court, and by agreement of the parties thereto."

What was done here, therefore, by the district court was merely to enlarge upon the issues tried in the county court in the probate proceeding upon the appeal thereof, of which it undoubtedly had jurisdiction under R.S.Articles 933 and 939, and to consolidate such appealed cause and to try it together, by agreement, with the other pending suit in the same court to construe the will (of which it also had undoubted jurisdiction); both such proceedings being between the same parties and involving the same subject matter.

It seems that where a probate proceeding gets into the district court by certiorari, rather than direct appeal, "a more liberal rule is announced". Jones v. Sun Oil Co., 137 Tex. 353, supra, 153 S.W.2d page 575, col. 1.

At any rate, in a situation like that here presented, it seems to this court that appellant's legal grievance, if any, was rather as to whether there had been by the district court an improper consolidation of the will construction and certiorari proceedings, rather than a lack of jurisdiction upon its part to so try and dispose of them, after such consolidation; in other words, it does not readily occur as to how a question of fundamental jurisdiction arises, upon the unexcepted-to consolidation of an original suit already pending in the district court and of which it undoubtedly had jurisdiction, with another proceeding brought up from the county court by certiorari, and of which the district court also had acquired jurisdiction, where in both such proceedings, not only are the parties and the subject matter the same, but the pleadings specifically seek all the relief thereafter granted.

Since the district court clearly had jurisdiction over these proceedings separately, no compelling reason appears for holding that it lost all power over them both when it consolidated and tried them together; this, too, in an instance where the parties did not object or except thereto, but agreed that the two cases might be tried together.

For these reasons this is not thought to have been an instance of undertaking to "confer jurisdiction by agreement", because, as indicated, the district court already had jurisdiction in both suits, nor did the consolidation amount to the exercise of original and appellate jurisdiction in the same suit.

Finally, it is concluded that the trial court did not lack authority to administer the relief it did in the consolidated proceeding, under such holdings by our Supreme Court as these: Veal v. Forston, 57 Tex. 482; Hawes & Duncan v. Foote, 64 Tex. 32; Connell v. Chandler, 11 Tex. 249.

Under these holdings, the judgment should be affirmed; it will be so ordered.

Affirmed.