**Jack H. GRIEDER, Appellant,**

v.

**Robert GRIEDER et al., Appellees.**

**No. 7231.**

Court of Civil Appeals of Texas, Beaumont.

April 29, 1971.

Motion for Rehearing Overruled May 13, 1971.

Gilliland, McNeel & Garwood, San Antonio, for appellant.

Guenther & Dylla, Morriss, Boatwright; Lewis & Davis, San Antonio, for appellees.

KEITH, Justice.

The appeal is from a judgment which denied appellant's bill of review wherein he challenged an order admitting the will of Charles D. Grieder to probate and record in the County Court of Bexar County. The decedent died on August 8, 1967, and an instrument purporting to be his last will and testament was offered for probate on August 31, 1967. This instrument was not a self-proving will, nor did it have attesting witnesses shown thereon; instead, it appeared to be holographic in character. Two witnesses executed what is denominated in our record as "Proof of Holographic Will", wherein they swore that each was familiar with the handwriting of the decedent, but they did not include therein a statement that the instrument was wholly "in the handwriting of the testator" as required in § 84(b), Probate Code; Gunn v. Phillips, 410 S.W.2d 202, 205 (Tex.Civ. App.—Houston, 1966, error ref. n. r. e.).

The original order of the Probate Court duly recited that from the testimony "sworn to in open court and filed herein," the will was "wholly in the handwriting" of the decedent and "signed by him in his own handwritten signature."

Appellant, a son of the decedent and an heir at law, was not named as a beneficiary in the will. On September 6, 1968, he filed a bill of review under § 31 of the Probate Code, contending that the order admitting the will to probate was void because of the deficiencies noted in the "Proof of Holographic Will." The appellees responded with an answer to which were attached affidavits of counsel and the two witnesses upon whose affidavits the original order had been based. Counsel stated in his affidavit that the critical phrase mentioned had been omitted from the original affidavit through clerical error. Each of the affiants swore that he had testified upon the original presentation of the instrument for probate that the same was wholly in the handwriting of the decedent and that it was decedent's signature thereon. The Probate Court found as a fact that such facts so alleged were true and entered a nunc pro tunc order dated December 13, 1968, correcting the original "Proof of Holographic Will." Appellant's bill of review was denied.

Upon the trial of the cause in the District Court upon appeal, each of the two witnesses testified by deposition that the purported will, including the signature thereon, was entirely in the handwriting of the decedent. Appellant, through his cross-examination of these witnesses, may have raised an issue as to whether or not these witnesses actually gave such testimony in open court upon the original hearing when the "Proof of Holographic Will" was executed. Appellant did not, however, controvert the testimony of the witnesses establishing that the will was wholly in the handwriting of the decedent. At the conclusion of the non-jury trial, the District Court denied the bill of review and this appeal follows.

Appellant now asserts that the District Court erred in denying his bill of review because the record shows that the original order admitting the will to probate was not supported by the proof required under § 84(b) of the Probate Code and that the nunc pro tunc order correcting the record was unauthorized by law in that it added to the record something not actually heard by the court. We note in passing, before entering into our discussion of the case, that appellant has not filed any contest of the will itself saying in one of his reply briefs:

"Appellant does intend to contest the writing as a valid Will upon a further

hearing on the Application to Probate, * * * "

■ It is settled that the statutory bill of review provided for in § 31 of the Probate Code need not conform to the rules and is not limited to the restrictions of the equitable bill of review. Jones v. Parker, 67 Tex. 76, 3 S.W. 222, 224 (1886); Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, 934 (1935); Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571 (1941); Norton v. Cheney, 138 Tex. 622, 161 S.W.2d 73, 74 (1942); Moncus v. Grace Oil Company, 284 S.W.2d 375, 379 (Tex.Civ.App.—Galveston, 1955, error ref. n. r. e.). It is equally certain, as was said in Jones v. Sun Oil Co., supra (153 S.W.2d at p. 575):

"Where an appeal is made from the county court to the district court, involving proceedings in a bill of review, the jurisdiction of the district court is appellate, and the issues are limited in that court to the issues properly raised in the county court."

Justice Denton, while upon the Court of Civil Appeals, addressed the question of the nature of the jurisdiction exercised by the District Court upon appeal in such proceedings in the case of Schoenhals v. Schoenhals, 366 S.W.2d 594, 597 (Tex.Civ. App.—Amarillo, 1963, error ref. n. r. e.), saying:

"In the case at bar the District Court acted as a court of appellate probate jurisdiction and, as such, the District Court can exercise only appellate jurisdiction. Cogley v. Welch (Com.App.), 34 S.W.2d 849. First State Bank of Bellevue v. Gaines, 121 Tex. 559, 50 S. W.2d 774. It is equally well settled that where an appeal is made from the county court to the district court involving proceedings in a bill of review, the jurisdiction of the district court, being appellate in nature, the issues are limited in the latter court to the issues properly raised in the county court. Constitution,

Article V, Section 8, Vernon's Ann.St. Jones v. Sun Oil Company, 137 Tex. 353, 153 S.W.2d 571."

■ The District Court, in the exercise of its appellate jurisdiction, does not have the power to review and correct errors committed by the Probate Court. It must grant and conduct a trial de novo. Rule 350; A. & M. College of Texas v. Guinn, 280 S.W.2d 373, 376 (Tex.Civ.App. —Austin, 1955, no writ). The issue before the District Court upon the appeal was not the jurisdiction and power of the Probate Court to correct its records and to enter orders nunc pro tunc, but whether the instrument offered was entitled to be admitted for probate and record as the last will and testament of the decedent.

The rule governing such situation is that stated in Jirou v. Jirou, 136 S.W. 493, 496 (Tex.Civ.App., 1911, no writ):

" * * * the order so attacked on certiorari proceedings could not be set aside on this ground and the cause remanded to the county court for retrial. The jurisdiction of a district court in such proceedings is appellate only; but its powers in the trial and disposition of the appeal are not those of an appellate or revisory court. The trial in the district court is de novo. Article 339, Sayles' Civil Statutes. It can neither affirm the order of the county court upon the record sent up from that court, nor reverse such order for errors committed by the county court and remand the case for a new trial, but must retry the case upon its merits just as if it was an original suit."

■ Two witnesses testified upon the trial in the District Court, without contradiction, that the testamentary instrument was wholly in the handwriting of the decedent and bore his genuine signature, thus satisfying the requirements of § 84(b) of the Probate Code. Based upon this testimony introduced in the District Court, the

will was properly admitted to probate and record; and, the action of the District Court, being within its jurisdiction, was proper. Cf. Haggard v. McFarland, 137 Tex. 542, 155 S.W.2d 797, 800 (1941).

Affirmed.