**Robert L. McDONALD, III, Appellant,**

v.

**David CARROLL, James M. Suggs, Jr., Brewer, Brewer, Suggs & Associates, and Lawyers Surety Corp., Appellees.**

**No. 05–89–00552–CV.**

Court of Appeals of Texas, Dallas.

Dec. 19, 1989.

Rehearing Denied Jan. 25, 1990.

Stephen A. Collmer, Duncanville, for appellant.

R.W. Calloway, Dallas, for appellees.

Before HOWELL, BAKER and BURNETT, JJ.

OPINION

BAKER, Justice.

Robert McDonald appeals from an adverse summary judgment which denied him the relief he requested in a statutory bill of review filed pursuant to section 31 of the SION WAS SUBSERVIENT TO TITLE OF APPELLEE AND HIS PREDECESSORS IN TITLE.
POINT OF ERROR NUMBER THREE
THE COURT ERRED IN FINDING APPELLANT'S POSSESSION WAS "PERMISSIVE" TO A. M. JUSTICE AND HIS SUCCESSORS IN INTEREST.
POINT OF ERROR NUMBER FOUR
THE TRIAL COURT ERRED IN GRANTING SUMMARY RELIEF IN FAVOR OF PARTIES WHO WERE NOT A PARTY TO MOTION FOR SUMMARY JUDGMENT.
POINT OF ERROR NUMBER FIVE
THE TRIAL COURT ERRED IN FINDING APPELLANT WAS REQUIRED TO GIVE ORAL OR WRITTEN NOTICE TO RECORD OWNERS BEFORE HE COULD CLAIM ADVERSE POSSESSION.

Probate Code.[1] He contends that such a bill of review was proper to revise or correct a substantial error in the probate court's order approving the administrator's final accounting. We agree.

Beverly Joan Carroll died intestate. She was survived by her husband, David Carroll, and her only child, Robert McDonald. David Carroll was the administrator of the estate. His final account appraised the total community estate in probate at $157,-561.25. Upon final settlement, McDonald received $42,293.88, and Carroll received $115,267.37. An order closing the estate and discharging Carroll and his surety was entered on October 3, 1985. McDonald filed a statutory bill of review on May 21, 1987, contending that he was entitled to at least one-half of the community estate pursuant to section 45 of the Probate Code. The probate court denied McDonald's motion for summary judgment and granted Carroll's motion for summary judgment holding that McDonald take nothing by his statutory bill of review.

For a summary judgment to be proper, the movant must prove that there exists no genuine issues of material fact and that he is entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex.1985); Tex.R. Civ.P. 166a(c). A defendant as movant can show this by either disproving an essential element of the opponent's cause of action or by proving a defense as a matter of law. Odeneal v. Van Horn, 678 S.W.2d 941, 941 (Tex.1984); Tex.R.Civ.P. 166a(c). A plaintiff movant is entitled to summary judgment if he proves every element of his cause of action as a matter of law. MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.1986). If the non-movant plaintiff proves all the elements of his cause of action and a defense is not conclusively established, this necessarily negates the propriety of a summary judgment in the defendant's favor. When both sides have filed motions for summary judgment, the reviewing court may determine whether the granting or denial of any of the motions was error and in a proper case render judgment for the

losing party as a matter of law. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex.1988); Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958).

In the present case, Carroll's motion for summary judgment asserted that: 1) the entry of the order closing the estate and discharging the personal representative barred McDonald from asserting any claims concerning the proper distribution of the estate assets; 2) McDonald executed a release of all claims or demands concerning any assets of the estate and is therefore estopped from bringing any action; and 3) a bill of review filed under section 31 is not the proper method to correct probate court errors.

■ In our view, Carroll's first contention is without merit because probate court orders have long been attacked after distribution of an estate, be it by way of statutory bill of review or equitable bill of review. See Jones v. Parker, 67 Tex. 76, 3 S.W. 222 (1886); Price v. Smith, 109 S.W.2d 1144 (Tex.Civ.App.—Eastland 1937, writ dism'd). To accept Carroll's contention would effectively eviscerate section 31.

■ Next, Carroll asserts that McDonald is estopped to bring this bill of review because he signed a release and receipt of his disbursement in full and complete satisfaction of his interest in the estate. A release and acceptance of benefits thereunder for an undisputed, liquidated and vested property right in an estate is without legal consideration. Farrell v. Cogley, 146 S.W. 315, 318 (Tex.Civ.App.—San Antonio 1912, writ ref'd); see also Atkins v. Womble, 300 S.W.2d 688, 703 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.). We hold that Carroll did not prove this defense to the bill of review.

■ Finally, we determine whether a statutory bill of review was a proper vehicle in this case to attack the alleged errors committed by the probate court. The issue is whether Carroll disproved an essential element of McDonald's cause of action or McDonald proved all the elements of his statutory bill of review and whether

1. All section references are to the Texas Probate Code Annotated (Vernon 1980).

either was entitled to a judgment as a matter of law.

Section 31 provides that:

Any person interested may, by bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein ... and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

The statutory bill of review need not conform to the rules and is not limited by the restrictions of an equitable bill of review. *Pure Oil Co. v. Reece,* 124 Tex. 476, 78 S.W.2d 932, 934 (Tex.Comm'n App.1935, opinion adopted); *Jackson v. Thompson,* 610 S.W.2d 519, 522 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Grieder v. Grieder,* 467 S.W.2d 241, 243 (Tex.Civ.App. —Beaumont 1971, writ ref'd n.r.e.). To secure relief under a statutory bill of review it is necessary to specifically allege and prove substantial errors by the trial court. It is not necessary that the error appear on the face of the record. The fact of error may be proven on the trial. The ordinary rules as to diligence in making motions for new trial and in appealing from the judgment complained of do not apply. *Westchester Fire Ins. Co. v. Nuckols,* 666 S.W.2d 372, 375 (Tex.App.—Eastland 1984, writ ref'd n.r.e.); *Hamilton v. Jones,* 521 S.W.2d 350, 353 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Stillwell v. Standard Savings & Loan Ass.,* 30 S.W.2d 690, 695 (Tex.Civ.App.—Fort Worth 1930, writ dism'd).

■ McDonald is an interested party, and he filed the bill of review within two years of the court's order. We must now determine whether substantial error was committed by the trial court. Section 45 provides that:

Upon the dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor, if there be no child or children of the deceased or their descendants; but if there be a child or children of the deceased ... then the survivor shall be entitled to one-half of said property, and the other half shall pass to such child or children....

Carroll's total appraisement of the community estate was $157,561.25. Carroll received $115,267.37, and McDonald received $42,293.88. In accordance with section 45, McDonald should have received at least one-half of the total community estate. *Forrest v. Moreno,* 161 S.W.2d 364, 365 (Tex.Civ.App.—San Antonio 1942, writ ref'd). In our view, the order approving this disproportionate distribution was in derogation of the Probate Code and constitutes substantial error.

We hold that Carroll failed to disprove an element of McDonald's cause of action, and McDonald proved all the essential elements of his statutory bill of review. The probate court erred in granting Carroll's motion for summary judgment and in not granting McDonald's. We reverse the trial court's ruling granting Carroll's summary judgment, render judgment for McDonald granting him a statutory bill of review, and hold that he is entitled to recover an undivided one-half of the net community estate. We order the probate court to vacate its order dated October 3, 1985, approving the final accounting and remand this cause to the trial court for further proceedings consistent with this opinion and the Probate Code.