**AFFIRMED; Opinion Filed July 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00554-CV

## ESTATE OF WILLIAM WALLACE ALLEN, DECEASED

**On Appeal from the County Court at Law No. 1**
**Hunt County, Texas**
**Trial Court Cause No. 17081**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

Montra Land appeals the trial court's judgment granting Don Parks, David Mac Glover, and Ike Allen Laws III's motion for summary judgment denying Land's statutory bill of review in this probate-application case concerning the will of William Wallace Allen. Land's 2013 petition for bill of review alleged the trial court committed substantial error by granting Don Parks's motion for summary judgment in the first suit in 2012. On appeal, Land contends the trial court erred by granting appellees' motion for summary judgment and by failing to grant her motion for summary judgment on the bill of review. We affirm the trial court's judgment.

### BACKGROUND

On July 1, 1987, Allen executed a will leaving everything to his mother. In an undated holographic codicil referencing that will, Allen stated that if his mother predeceased him, then he left his estate to Allen Laws, Mac Glover, and Don Parks. Allen's mother died in 2009.

In 2010, Allen was living in a nursing home. The Texas Department of Aging and Disability Services filed an application to be appointed Allen's guardian of his person and requested that someone be appointed guardian of his estate. The Department alleged that Allen suffered from physical and mental conditions, including paranoid schizophrenia, mood disorder, and depression, and that he was "unable to reason logically and administer to daily life activities." The Department asked the trial court to impose limitations on Allen including that he no longer have the right to "execute a will, or make a codicil or amendment to any existing will." Land filed a contest to the Department's application, alleging she had been Allen's close, personal friend for over twenty years and requesting that she be appointed guardian of Allen's person and estate. On March 1, 2010, a physician examined Allen and determined he had depression and organic brain syndrome. The doctor also determined that Allen did not have the ability "to manage property or to make any gift or disposition of property." The hearing on the application for guardianship was on March 25, 2010 at which Land testified. On April 1, 2010, the trial court appointed Land guardian of Allen's person. The trial court stated in the order that "Allen is incapacitated and lacks the capacity to do some, but not all tasks as more specifically set out below: . . . (2) execute a will, or make a codicil to any existing will . . . ." Allen died on May 5, 2012.

On May 24, 2012, Land filed an application for probate of Allen's will. The will was not the 1987 will and codicil but was a holographic will dated "3/25/10 before hearing" and stating, "I William Wallace Allen leave all my possessions to Montra Land, my Friend."[1]

---

[1] The one-page will stated,

A holographic will may not hold in court. During guardianship it fails. Wynne & Wynne wrote me a will—all to mom. It will be mom's 1st cousins in Dallas. I can write a new will emerging [f]rom guardianship. They never show up. Rhonda's mistake, she never showed up.

Don Parks, one of the devisees in the codicil to the 1987 will, filed an opposition to Land's application for probate. Parks alleged that Allen lacked testamentary capacity to make the holographic will as shown by the guardianship order and the evidence at the guardianship hearing. Parks asserted that because Land participated in the guardianship hearing and agreed with the findings of Allen's physicians that Allen lacked the capacity to make dispositions of his property, she was barred by the doctrines of quasi-estoppel and collateral estoppel from asserting Allen had testamentary capacity to execute the holographic will on March 25, 2010.

Parks moved for summary judgment on the grounds that (1) he had conclusively proved the affirmative defense of quasi-estoppel, which barred Land from contending that Allen was of sound mind when he signed the holographic will; and (2) he had conclusively proved the affirmative defense of collateral estoppel because Allen's lack of capacity to execute a will was litigated in the guardianship proceeding and was made a part of the guardianship order. Land filed a response, asserting that the doctors' reports and the testimony at the guardianship hearing did not address Allen's testamentary capacity. She asserted that Allen's testamentary capacity was not fully and fairly litigated in the guardianship proceeding and was not essential to that proceeding. She also argued that Parks's quasi-estoppel argument failed because she did not take inconsistent positions in the guardianship case and the application for probate and that Parks

---

3/25/10 before hearing

I William Wallace Allen leave all my possessions to Montra Land, my Friend.

L.S.  /William Wallace Allen/

Terrell, TX, Kaufman Co. 3/25/10

My Funeral expense paid via prepaid Funeral plan.

failed to establish it would be unconscionable to allow Land to maintain her position in the probate-application case. On October 16, 2012, the trial court granted Parks's motion for summary judgment and denied admission to probate for the 2010 holographic will. Land did not appeal the trial court's judgment.

On January 24, 2013, Land filed a petition for statutory bill of review under section 31 of the Texas Probate Code against appellees, the devisees under the codicil of the 1987 will. *See* TEX. PROB. CODE ANN. § 31 (West 2003).[2] Land alleged the trial court committed "substantial error" in the 2012 probate-application suit by granting Parks's motion for summary judgment because (1) the guardianship proceeding did not adjudicate Allen's testamentary capacity, (2) there was insufficient evidence at the guardianship hearing to adjudicate Allen's testamentary capacity, and (3) the order granting summary judgment provided more relief than Parks requested in his motion for summary judgment.[3] Both Land and appellees moved for summary judgment. The trial court granted appellees' motion for summary judgment and did not grant Land's statutory bill of review.

## SUMMARY JUDGMENT

Land contends the trial court erred by granting appellees' motion for summary judgment and not granting her motion for summary judgment on the bill of review. The standard for reviewing a traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825

---

[2] In 2009 and 2011, the Texas Legislature created the Estates Code, transferred the provisions of the Texas Probate Code into the Estates Code, and repealed the probate code as part of the continuing statutory revision program. Act of May 29, 2011, 82d Leg., R.S., ch. 1338, Tex. Gen. Laws 3884; Act of May 19, 2011, 82d Leg., R.S., ch. 823, 2011 Tex. Gen Laws 1901; Act of May 26, 2009, 81st Leg., R.S., ch. 680, 2009 Tex. Gen. Laws 1512. The Estates Code and the repeal of the Texas Probate Code took effect January 1, 2014. Act of May 29, 2011, § 2.55, 2011 Tex. Gen. Laws at 3936; Act of May 19, 2011, § 4.03, 2011 Tex. Gen. Laws at 2095; Act of May 26, 2009, § 12, 2009 Tex. Gen. Laws at 1732. Because the Estates Code was not in effect at the time of the proceedings in the trial court, we cite the Texas Probate Code in this opinion.

[3] Land does not argue this allegation on appeal. Accordingly, we do not address it.

(Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

When, as here, both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 862 (Tex. 1993); *Howard v. INA Cnty. Mut. Ins. Co.*, 933 S.W.2d 212, 216 (Tex. App.—Dallas 1996, writ denied). Neither party can prevail because of the other's failure to discharge its burden. *Howard*, 933 S.W.2d at 216. When both parties move for summary judgment, we consider all the evidence accompanying both motions in determining whether to grant either party's motion. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). When the trial court grants one motion and denies the other, the reviewing court should determine all questions presented. *Id.* The reviewing court should render the judgment that the trial court should have rendered. *Id.* When a trial court's order granting summary judgment does not specify the grounds relied upon, as in this case, the reviewing court must affirm the summary judgment if any of the summary judgment grounds are meritorious. *Id.*

## Bill of Review

Section 31 of the probate code provides a statutory bill of review:

> Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

PROB. § 31. This statutory bill of review is not subject to the restrictions of an equitable bill of review. *Buck v. Estate of Buck*, 291 S.W.3d 46, 53 (Tex. App.—Corpus Christi 2009, no pet.); *McDonald v. Carroll*, 783 S.W.2d 286, 288 (Tex. App.—Dallas 1989, writ denied). The elements of the statutory bill of review are whether (1) a "person interested" (2) filed a timely bill of review and (3) showed substantial error in the earlier decision, order, or judgment. *Buck*, 291 S.W.3d at 53. For appellees to prevail on appeal, they must have disproved as a matter of law in their motion for summary judgment one of the elements of the bill of review. For Land to establish the trial court erred by denying her motion for summary judgment on the bill of review, she must have conclusively proved all three of the elements of the bill of review.

Land contends the trial court committed "substantial error" in the 2012 probate-application case by granting Parks's motion for summary judgment. Parks moved for summary judgment in the probate-application case on the grounds of collateral estoppel and quasi-estoppel. Appellees asserted in their motion for summary judgment in the bill-of-review proceeding that there was no substantial error in the probate application case because the trial court correctly determined in the probate-application case that collateral estoppel and quasi-estoppel barred Land's application for probate.[4]

---

[4] Appellees also asserted in their motion for summary judgment that Land was not a "person interested" under section 31 of the probate code and that the petition for bill of review was not timely filed. Land contends on appeal that the trial court erred by granting appellees' motion for summary judgment on these grounds. Because we conclude Land failed to show on appeal that the trial court in the bill-of-review proceeding erred by granting appellees' motion for summary judgment on the ground that there was no substantial error in the granting of the first summary judgment on the ground of collateral estoppel, we do not address these issues. Nor do we address whether the trial court in the probate-application case committed substantial error by granting Parks's motion for summary judgment on the ground of quasi-estoppel.

The doctrine of collateral estoppel bars relitigation of identical issues of fact or law that were actually litigated and essential to the final judgment in a prior suit. *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). Collateral estoppel "is designed to promote judicial efficiency and to prevent inconsistent judgments by preventing any relitigation of an ultimate issue of fact." *Id.*; *see also Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) (collateral estoppel "prevents relitigation of particular issues already resolved in a prior suit"). The doctrine extends only to those issues of fact or law that were expressly or necessarily determined in the prior action; it does not extend to those matters which might have been, but were not, raised and adjudicated in the first action. *SWEPI, L.P. v. Camden Resources, Inc.*, 139 S.W.3d 332, 339 (Tex. App.—San Antonio 2004, pet. denied) (citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984)). To invoke collateral estoppel, a party "must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002) (quoting *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)).

Parks asserted in his motion for summary judgment that the trial court's finding in the guardianship order that Allen lacked the capacity to "execute a will, or make a codicil or amendment to any existing will" barred relitigation of that issue in Land's probate-application proceeding. Land's arguments in response to Parks's motion for summary judgment included that Allen's testamentary capacity was not fully and fairly litigated in the guardianship proceeding and was not essential to the judgment in the guardianship proceeding.

In her petition for bill of review, Land alleged the guardianship order did not adjudicate Allen's testamentary capacity and that the evidence at the guardianship hearing was not

–7–

sufficient to adjudicate Allen's testamentary capacity.[5] Appellees' motion for summary judgment addressed the issues Land alleged in her petition for bill of review, *i.e.*, whether the guardianship order adjudicated Allen's testamentary capacity.[6] Their motion also asserted that Land's allegations that the evidence was insufficient to support a finding on Allen's testamentary capacity was an improper collateral attack on the guardianship order. They also asserted in the motion that Land's arguments were rejected in Parks's suit "[b]ased upon the elements of quasi-estoppel and collateral estoppel . . . and should be rejected again." Land's response to appellees' motion for summary judgment asserted that the guardianship order did not adjudicate Allen's testamentary capacity, but her response did not mention application of collateral estoppel and quasi-estoppel.[7]

On appeal, Land asserts that Allen's testamentary capacity was not fully and fairly litigated in the guardianship proceeding because the guardianship order did not adjudicate Allen's testamentary capacity. Land argues the language of the guardianship order shows the trial court did not find that Allen lacked testamentary capacity. The guardianship order stated,

> The Court further finds . . . that William Allen is incapacitated and lacks the capacity to do some, but not all tasks as more specifically set out below:
>
>> 1. operate a motor vehicle;
>>
>> 2. execute a will, or make a codicil or amendment to any existing will;

---

[5] The only mention of collateral estoppel or quasi-estoppel in the petition for bill of review is at the end of the section asserting the guardianship order did not adjudicate Allen's testamentary capacity. There, Land stated, "Since there was no formal adjudication of Mr. Allen's testamentary capacity in the Guardianship Hearing, there can be no quasi-estoppel or issue preclusion regarding his testamentary capacity. Therefore, the Parks MSJ was improperly granted and Mrs. Land's Application was improperly denied."

[6] Appellees' motion for summary judgment also asserted that Land's petition for bill of review failed to meet the statutory requirements that she be a "person interested" to have standing to bring the petition for bill of review and that the bill of review be filed within two years of the decision, order, or judgment. Appellees also asserted in the motion for summary judgment that the petition for bill of review was not timely filed. Land's response to appellees' motion for summary judgment discussed these two grounds, and Land asserts on appeal that the trial court's granting of appellees' motion for summary judgment could not be sustained on these grounds. Because of our disposition of the other issues, we need not address these arguments.

[7] Her response makes no mention of quasi-estoppel. The only mention of collateral estoppel in the response is in her discussion that a bill of review is not a collateral attack.

3. execute a trust or make an amendment to any existing trust;

4. execute a power of attorney or make an amendment to any existing power of attorney;

5. make decisions or give consent or [sic] medical or surgical treatment;

6. choose his domicile or residence;

7. personally seek employment, obtain government assistance or access government benefits or funds;

8. make a gift of real or personal property;

9. contract for goods or services, hire or terminate persons employed to assist the Proposed Ward;

10. personally access funds placed in guardianship accounts;

11. manage property;

that Proposed Ward's rights are limited in only those areas identified above and the Guardian's powers should be limited to only those specified in the Court's Order; that this determination of incapacity was based on evidence of recurring acts or occurrences within the preceding six-month period and not isolated instances of negligence or bad judgment; and this this Application should be granted.

Land argues the language of the order, "that William Allen . . . lacks the capacity to do some, but not all tasks as more specifically set out below" means the court did not find Allen lacked the capacity to do all of the listed tasks. Land asserts this language is the equivalent of saying Allen "may or may not have the capacity to do the following tasks." Land states the trial court was "being intentionally vague or ambiguous about which of the tasks [Allen] was able or unable to do." Land asserts the language in the order "necessarily means that there are tasks in that list that the court found the ward still had the capacity to do and tasks that he did not. The court did not specify which tasks belong in which category, and no such specification is required by the Probate Code."

We disagree that the trial court did not find in the guardianship order that Allen lacked capacity in each of the listed areas. The trial court stated Allen was "incapacitated," which meant he was "unable to provide food, clothing, or shelter for himself . . . , to care for [his] own physical health, or to manage [his] own financial affairs." PROB. § 601(14)(B) (West Supp. 2013). The court then stated Allen "lacks the capacity to do some, but not all tasks as more specifically set out below." The "tasks" to which Allen lacked capacity to do some, but not all of were those in the definition of "incapacitated," not the listed tasks. *See* PROB. § 693(b) (West Supp. 2013). The trial court then set out the tasks for which Allen lacked capacity. Review of this list shows the court found Allen lacked capacity "to provide shelter for himself" (finding 6), "to care for [his] own physical health" (finding 5), and "to manage [his] own financial affairs" (findings 2, 3, 4, and 7 through 11),[8] but did not find Allen lacked the capacity to provide food and clothing for himself. The trial court then stated that Allen's "rights are limited in only those areas identified above." This language shows the trial court intended to find Allen lacked capacity in all of the listed tasks, including executing a will or making a codicil or amendment to an existing will.

Land also argues the trial court did not adjudicate Allen's testamentary capacity because the court could only adjudicate Allen's legal rights through the portion of the order granting authority to Allen's guardians. Section 675 of the probate code states, "An incapacitated person for whom a guardian is appointed retains all legal and civil rights and powers except those designated by court order as legal disabilities by virtue of having been specifically granted to the guardian." PROB. § 675 (West 2003). Land argues that because the guardianship order did not

---

[8] The finding that Allen lacked capacity to operate a motor vehicle was required by section 693(b)(4). *See* PROB. § 693(b)(4).

–10–

specifically grant the guardians the right and power to execute a will or codicil or amend a will on Allen's behalf, Allen retained that authority. However, the trial court in the guardianship proceeding expressly found Allen lacked testamentary capacity, and collateral estoppel applies to issues expressly determined in the prior action. *See SWEPI*, 139 S.W.3d at 339. We conclude Land has not shown on appeal that the trial court erred by determining the issue of Allen's testamentary capacity was fully and fairly litigated in the guardianship proceeding.

Land also argues the trial court committed substantial error by granting Parks's motion for summary judgment on collateral estoppel because Parks did not conclusively establish that the trial court's finding regarding Allen's testamentary capacity was essential to the guardianship order. However, Land did not assert in her petition for bill of review that the finding was not essential to the guardianship order. Appellees' motion for summary judgment had to address only the grounds Land asserted in her petition for bill of review for why the first summary judgment was erroneous. *See Kehler v. Eudaly*, 933 S.W.2d 321, 327 (Tex. App.—Fort Worth 1996, writ denied) ("appellees were only required to move for summary judgment based on the claims asserted in the petition, not claims or analogous theories asserted in responses to the motions for summary judgment and subsequent briefs"). Because Land did not allege in her petition for bill of review that the finding on Allen's testimonial capacity was not essential to the guardianship order, appellees were not required to assert it in their motion for summary judgment, and Land may not assert on appeal for the first time in the bill-of-review proceeding the nonessential nature of the finding. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

–11–

Land also contends on appeal that the trial court in the guardianship hearing lacked the evidence and the authority to adjudicate Allen's testimonial capacity. Land did not raise these issues in her response to appellees' motion for summary judgment. Accordingly, she may not assert them for the first time on appeal. TEX. R. APP. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

In her reply brief, Land asserts for the first time that Parks and appellees did not establish in their motions for summary judgment the element of collateral estoppel that the parties were cast as adversaries in the first action. An appellant may not present arguments for the first time in a reply brief. *Cebcor Serv. Corp. v. Landscape Design & Constr., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.); *Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied). Accordingly, we do not address this argument.

We conclude Land has not shown the trial court erred in this bill-of-review proceeding by granting appellees' motion for summary judgment on the ground that there was no substantial error in the granting of the first summary judgment arguing that collateral estoppel barred Land's claim in the probate-application case. We also conclude the trial court did not err by not granting her motion for summary judgment. We overrule Land's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/

LANA MYERS
JUSTICE

130554F.P05

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ESTATE OF WILLIAM WALLACE
ALLEN, DECEASED

No. 05-13-00554-CV

On Appeal from the County Court at Law
No. 1, Hunt County, Texas
Trial Court Cause No. 17081.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court **AFFIRMED**.

It is **ORDERED** that appellees Don Parks, David Mac Glover, and Ike Allen Laws III recover their costs of this appeal from appellant Montra Land.

Judgment entered this 25th day of July, 2014.