**Reversed and Remanded and Opinion filed October 6, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00356-CV

---

## MARY HELEN GILL, Appellant

## V.

## SHAWNA VORDOKAS, Appellee

---

**On Appeal from the Probate Court No. 4**
**Harris County, Texas**
**Trial Court Cause No. 470396**

---

## OPINION

In this heirship dispute between the decedent's alleged common law wife and the decedent's biological daughter, the sole issue we consider is whether the daughter conclusively proved that a petition for bill of review filed by the alleged common law wife was precluded under the doctrine of res judicata. The probate court granted a motion for summary judgment in favor of the daughter upon concluding that the petition was so precluded. We disagree with the probate court and conclude that the daughter failed to prove her res judicata defense as a matter of

law. We accordingly reverse the probate court's summary judgment and remand the case to that court for additional proceedings.

## BACKGROUND

When the decedent died, a will could not be located. The decedent's daughter, Shawna Vordokas, then filed an application to determine heirship. Vordokas asserted in this application that the decedent had only four heirs, all of them being the decedent's children. Vordokas represented that the decedent had previously been married twice, but that each of his marriages had ended in divorce. Vordokas also represented that, at the time of his death, the decedent had an unmarried companion, Mary Helen Gill.

The probate court conducted an heirship hearing, where only three witnesses testified. Vordokas was the first witness, and she testified that she and her siblings were the decedent's only heirs. The remaining two witnesses were disinterested, having no stake in the decedent's estate. They each testified that they believed that the decedent was unmarried at the time of his death and that his children were his only heirs. Gill did not attend the hearing, and an attorney ad litem who was appointed to represent the interests of any unknown heirs did not question any of the witnesses about the possibility of the decedent having a common law wife.

The probate court rendered an heirship judgment declaring that the decedent's only heirs were his four children, and that each of his children had an equal one-fourth interest in the estate.

Thirty days after this judgment, Gill filed a motion for new trial with the probate court, in which she asserted that she had not received timely notice of the heirship hearing, and that, until the decedent's death, she had been the decedent's common law wife of nearly twenty-three years. Gill failed to set this motion for a

hearing, and it was deemed overruled by operation of law. No appeal was ever taken from the heirship judgment.

Seventeen months after the motion for new trial was overruled by operation of law, Gill filed an original petition for a statutory bill of review. In this petition, Gill asserted that she was the decedent's surviving spouse—and therefore his heir— and that she had never received notice of the heirship hearing until after the hearing had concluded.

Vordokas filed an original answer in which she asserted the affirmative defense of res judicata. Vordokas then moved for summary judgment on that defense. Vordokas argued in her motion that res judicata applied because the heirship judgment was final, because Gill became a party to that judgment when she moved for a new trial and then failed to perfect an appeal, and because her petition for bill of review sought the same relief as her motion for new trial. Gill filed a response, arguing among other points that, because she sought a statutory bill of review, she was not subject to the same rules as an equitable bill of review, and that she had no burden to exercise diligence in moving for a new trial and appealing the heirship judgment.

The probate court disagreed with Gill and granted a summary judgment in favor of Vordokas. The probate court also added a notation to the judgment, which stated that Gill should take nothing on her bill of review because of her "failure to timely file an appeal in the underlying cause." Gill now appeals from this summary judgment.

## ANALYSIS

We review summary judgments de novo. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017).

Vordokas moved for summary judgment on her affirmative defense of res judicata. The purpose of that defense is to promote the finality of judgments. *See Hallco Tex., Inc. v. McCullen County*, 221 S.W.3d 50, 58 (Tex. 2006). Because a bill of review has a conflicting purpose—i.e., to set aside a final judgment—res judicata is not normally a defense to a bill of review, except in situations where a party petitions for multiple bills of review. *See Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987) ("The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point."); *e.g.*, *Joiner v. Vasquez*, 632 S.W.2d 755, 760 (Tex. App.—Dallas 1981, no writ) (op. on reh'g) (en banc) (holding that res judicata applied when a party filed three petitions for bill of review).

There are two types of bills of review: equitable and statutory. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). To obtain an equitable bill of review, a petitioner must generally plead and prove the following three elements: (1) the petitioner has a meritorious claim or defense to the judgment; (2) the petitioner was prevented from making that claim or defense because of official mistake or because of the opposing party's fraud, accident, or wrongful conduct; and (3) the petitioner's inability to make the claim or defense was unmixed with any fault or negligence on the petitioner's own part. *Id.* When cases involving res judicata have arisen in the context of an equitable bill of review, there is normally a failure by the petitioner to satisfy one of these three elements. *See, e.g.*, *Lentino v. Frost Nat'l Bank*, No. 14-05-01179-CV, 2007 WL 2198827, at *2 (Tex. App.—Houston [14th Dist.] Aug. 2, 2007, pet. denied) (rejecting a bill of review because the petitioner's claims and defenses were or could have been litigated in the underlying trial and appellate proceedings and were barred by res judicata). And when a petitioner fails to appeal

the denial of a motion for new trial or its overruling by operation of law—as Gill did here—that failure precludes an equitable bill of review because it demonstrates that the petitioner did not exercise the appropriate amount of diligence in the underlying proceeding. *See French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) ("So there is insufficient cause here for relief by bill of review. Respondent permitted the judgment to become final by his failure to invoke the right of appeal."); *see also Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980) ("Just as a bill of review may not be used when one neglects to urge a motion for new trial or appeal when he has time to do so, a bill of review may not be used as an additional remedy after one has timely filed a motion to reinstate and a motion for new trial and has made a timely but unsuccessful appeal.").

But this case involves a statutory bill of review, which Gill sought under Section 55.251 of the Texas Estates Code. That statute provides that "an interested person may, by a bill of review filed in the court in which the probate proceedings were held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable." *See* Tex. Est. Code § 55.251(a); *see also* Tex. Est. Code § 22.029 (defining "probate proceedings" as "a matter or proceeding relating to a decedent's estate," which includes a determination of heirship). By its plain language, this statute authorizes a bill of review in a probate proceeding merely upon "a showing of error," without the other elements required by an equitable bill of review. Thus, a petitioner in a probate proceeding can obtain this statutory bill of review even if the petitioner did not exercise the amount of diligence that would be demanded in the context of an equitable bill of review. *See McDonald v. Carroll*, 783 S.W.2d 286, 288 (Tex. App.—Dallas 1989, writ denied) ("The ordinary rules as to diligence in making motions for new trial and in appealing from the judgment complained of do not apply.").

Gill emphasized this point in her summary judgment response. She asserted that she "was not required to file an appeal of the Judgment Determining Heirship or a motion for new trial." Nonetheless, the probate court granted a summary judgment to Vordokas precisely because Gill had not filed an appeal. We conclude that the probate court's decision was erroneous, and that the error probably led to the rendition of an improper judgment. *See* Tex. App. P. 44.1(a).

## CONCLUSION

The probate court's summary judgment is reversed and the case is remanded to that court for additional proceedings.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.